KING BRICK MANUFACTURING COMPANY vs. PHŒNIX
INSURANCE COMPANY.

SAME vs. PENNSYLVANIA INSURANCE COMPANY.

SAME vs. GRANITE STATE INSURANCE COMPANY.

SAME vs. INSURANCE COMPANY OF NORTH AMERICA.

SAME vs. ROYAL INSURANCE COMPANY.

SAME vs. ORIENT INSURANCE COMPANY.

Suffolk.   March 11, 12, 13, 1895. — September 11, 1895.

Present: FIELD, C. J., HOLMES, LATHROP, & BARKER, JJ.

*Fire Insurance — Foreign Statute — Representations and Warranties —
" Constant Watch " — Change of Use.*

In a statement attached to a fire insurance policy, " Steam pump with sufficient
hose to cover buildings, constant watch," the words " constant watch," if they
relate to the description of the risk by the terms of c. 49, § 20, of the Rev. Sts.
of Maine of 1883, where the insured premises were situated, and the policies
were issued, constitute a representation, and not a warranty.

Such a change in the use or occupation of insured property as affects the risk must
be permanent or habitual, and does not include the temporary absence of a
watchman of which the insured has no knowledge.

Where a fire insurance policy contains a representation that a constant watch will
be kept on the insured premises, and the assured uses all reasonable means to
see that a watch is kept, a loss caused by the negligence of a servant constitutes
no breach of the terms of the policy.

A provision in a fire insurance policy that, " if an application, survey, plan, or
description of property be referred to in this policy, it shall be a part of this con-
tract and a warranty by the insured," refers to some paper outside of the policy,
and does not constitute words within the policy itself a warranty.

SIX ACTIONS OF CONTRACT, upon policies of insurance against
loss by fire on the buildings and machinery of the King Brick
Manufacturing Company, situated at Columbia Falls, in the
State of Maine.

The cases were heard in the Superior Court, on an agreed state-
ment of facts, by *Hammond*, J., who found for the plaintiff in each
case, and made certain rulings of law, to which the defendants
alleged exceptions. The material facts appear in the opinion.

*O. D. Baker* (of Maine), for the defendants.

*F. T. Benner*, for the plaintiff.

LATHROP, J.   To each of the policies of insurance in this case was attached a rider, which first expressed the amount of the insurance, and the division of this amount on the several subjects at risk, followed by these words : " Situated on east side of Pleasant River, in Columbia Falls, Maine.   Steam pump with sufficient hose to cover buildings, constant watch."

The property insured was the plant of a brick manufacturing company, where a fire was liable to break out at any time, and which needed the constant care and supervision of a watchman. It was destroyed by a fire breaking out at night, which we assume might have been put out if the watchman employed by the plaintiff for the purpose had been present ; but he was absent at the time, through negligence or a misunderstanding, without the knowledge of the plaintiff or of any one of its officers.

The principal question in the case turns on the meaning of the words " constant watch."   The presiding justice of the Superior Court found for the plaintiff in each case ; and made the following rulings of law :

" 1. The phrase ' constant watch ' was not a warranty, but a representation, and it had reference not only to the time the policy was issued, but also to the future.

" 2. It must have been true and correct as to things done or existing at the time the policy was issued ; and, so far as it related to the future, it was a stipulation to be fairly and substantially complied with.

" 3. If the plaintiff established a rule that there should be a constant watch, and employed proper servants to execute such rule, and otherwise exercised reasonable supervision to see that the rule was executed, and such rule had been executed up to the night of the fire, a temporary omission to keep such watch on the night of the fire, owing to accident or the negligence of subordinate persons, servants, or workmen, not known to nor sanctioned or permitted by the insured, or its superintendent or managing officer or agent, and without negligence on the part of the insured or such officer or agent, would not prevent recovery by the plaintiff in this action, even if the fire would not have occurred but for such omission."

We are of opinion that these rulings were right.

The property insured was situated in the State of Maine, and the policies were issued there. The contracts are, therefore, to be construed with reference to the laws of that State. *Daniels* v. *Hudson River Ins. Co.* 12 Cush. 416, 422. Chapter 49 of the Revised Statutes of Maine of 1883 contains the following section, which is made part of the case: " Section 20. All statements of description or value in an application or policy of insurance are representations and not warranties; erroneous descriptions or statements of value or title by the insured do not prevent his recovering on his policy unless the jury find that the difference between the property as described and as it really existed, contributed to the loss or materially increased the risk; a change in the property insured, or in its use or occupation, or a breach of any of the terms of the policy by the insured, do not affect the policy unless they materially increase the risk."

We are somewhat embarrassed in construing this statute by the fact that the decisions of the Supreme Court of Maine afford us but little assistance. The precise question here involved does not appear to have been decided. There are, however, expressions of opinion in several cases which show that the statute is to be liberally construed in favor of the insured.

In *Campbell* v. *Monmouth Ins. Co.* 59 Maine, 430, 434, the court, speaking of the statute in question, say that it " was not designed to lay any additional stumbling-blocks in the way of the policy holder before his case could be heard upon its merits, and it should not be so construed as to give it that effect."

In *Emery* v. *Piscataqua Ins. Co.* 52 Maine, 322, 325, it is said by the court: " Warranties on these points — the valuation and interest of the insured — are to be treated as representations and nothing more."

And in *Day* v. *Dwelling House Ins. Co.* 81 Maine, 244, it is said : " Previous to the enactment of our present insurance law, policies had become so loaded down with provisos, limitations, and conditions, that in many cases they secured to the insured nothing better than an unsuccessful lawsuit in addition to the loss of his property. And one of the purposes of our present statute was to put an end to this evil."

The words " constant watch," in the connection in which they occur, may perhaps amount to a description of the risk,

and, if so, by the terms of the statute they constitute a represen-
tation, and not a warranty; but the description cannot be said
to be erroneous in this case, for the words in the statute which
follow the clause above cited show that the words " erroneous
descriptions " refer to descriptions of the property as it really
existed, and not to a promise as to the future.   The words upon
which the defendants principally rely are these : " A change in
the property insured, or in its use or occupation, or a breach of
any of the terms of the policy by the insured, do not affect the
policy unless they materially increase the risk."

But in this case there was no change in the property or in its
use or occupation.   The word " change " in the law of insurance
means a permanent or habitual change, and does not include the
temporary absence of a watchman of which the insured has no
knowledge.   *Shaw* v. *Robberds*, 6 A. & E. 75.   *Houghton* v.
*Manuf. Ins. Co.* 8 Met. 114.   *Loud* v. *Citizens' Ins. Co.* 2 Gray,
221, and cases cited.

Was there a breach of any of the terms of the policy by the
insured?   This depends upon whether the insured absolutely
promised that there should be " a constant watch "; in other
words, whether it warranted this, or whether the words
constitute a representation merely, and are governed by the
familiar rules applicable to representations.   Unless they
amount to a warranty, there is no breach of the agreement.
In this part of the case we assume, of course, that the first
clause of the section is not broad enough to include a statement
as to the future.

It is a familiar rule of construction, that a promise in regard
to the future, which is not clearly made a warranty, is a repre-
sentation only, and not a warranty.   *Houghton* v. *Manuf. Ins.
Co.* 8 Met. 114.   *Daniels* v. *Hudson River Ins. Co.* 12 Cush. 416.
*National Bank* v. *Hartford Ins. Co.* 95 U. S. 673.   *Garcelon* v.
*Hampden Ins. Co.* 50 Maine, 580.

On the principles laid down in these cases, we cannot regard
the words " constant watch " as constituting a condition pre-
cedent to the right to recover, and consider them as a repre-
sentation that a constant watch would be kept.

The duty was thus imposed upon the insured to use all
reasonable care, and to take all reasonable means to see that

a constant watch was kept.   This was done by making a rule to that effect, and providing a watch.   No negligence or fraud is imputed to the assured.   The loss was caused by the negligence of a servant, and this is a risk covered by the insurance.   There was therefore no breach of the terms of the policy by the insured.   *Shaw* v. *Robberds,* 6 A. & E. 75.   *Dobson* v. *Sotheby,* M. & M. 90.   *Houghton* v. *Manuf. Ins. Co.* 8 Met. 114.   *Daniels* v. *Hudson River Ins. Co.* 12 Cush. 416.   *Loud* v. *Citizens' Ins. Co.* 2 Gray, 221.   *Insurance Co. of North America* v. *McDowell,* 50 Ill. 120, 131.   *Aurora Ins. Co.* v. *Eddy,* 55 Ill. 213, 219. *Mickey* v. *Burlington Ins. Co.* 35 Iowa, 174.

The defendants further rely upon certain provisions in the policies as showing that the words " constant watch " constitute a warranty.   In four of the policies the language is:  " If an application, survey, plan, or description of property be referred to in this policy, it shall be a part of this contract and a warranty by the insured."   This clearly refers to some paper outside of the policy, and not to words in the policy itself.   Moreover, if the clause were broader, and constituted a description of the property a warranty, it would be in conflict with the provisions of § 20, and void by § 21, which provides :  " All provisions contained in any policy of insurance, in conflict with any of the provisions hereof, are null and void."

The other two policies contain this clause :  " Any change increasing the hazard, either within the premises or adjacent thereto, and not reported to this company and agreed to by entry in due form in the body hereof, will render this policy void."   But, as we have already stated, the word " change " means a permanent or habitual change, and not the temporary absence of a watchman.

*Exceptions overruled.*