BURLINGTON FIRE INSURANCE CO. V. B. F. COFFMAN.

Delivered April 14, 1896.

**1.  Continuance—First Application.**

An application for a first continuance on account of the absence of a witness who had been duly subpœnaed and was, it seems, in attendance when the case was set for trial, but was absent when it was reached, should have been granted.

**2.  Insurance Policy—Ownership of Property—Mortgage.**

An incumbrance upon the insured property is not within the contemplation of a clause in the policy avoiding it unless the assured is the sole, absolute and uncon-ditional owner of the property.

**3.  Same—Keeping Watchman on Premises.**

Where an insurance policy is conditioned that the insured shall keep a watchman on duty at night, it is not avoided by the fact that the watchman was asleep on the premises at the time of the fire, unless the insured had notice of the unfitness of the watchman, or had not observed ordinary care in employing and retaining him.

APPEAL from Dallas. Tried below before Hon. R. E. BURKE.

*Edmonson & Dabney*, for appellant.—1. When a first application for a continuance contains all the requirements prescribed by the statute, it

is not within the discretion of the court to refuse such application. Rev. Stats., art. 1277; 10 Texas, 283; 54 Texas, 213; 3 Willson Crim. Code., sec. 222.

2. In the policy assured warranted that a watchman should be kept on duty at night. An actual compliance with such warranty was a condition precedent to appellee's right to recover. Neither the use of care in the employment of such watchman, nor the honest belief that he was trustworthy, nor any other cause would excuse a failure to comply with such warranty, unless produced by the insurer or the intervention of the law, or the act of God. Insurance v. Hazlewood, 75 Texas, 338; Bank v. Insurance Co., 50 N. Y., 47; Miller v. Insurance Co., 31 Iowa, 226; 1 May on Fire Ins., sec. 156; 1 Wood on Fire Ins., sec. 179; Marshall on Ins., sec. 249; Ostrander on Fire Ins., sec. 136; Richards on Ins., secs. 53-54.

*Wm. P. Ellison* and *Coke & Coke*, for appellee.

JAMES, CHIEF JUSTICE.—This appeal is from a judgment against appellant on two fire policies. Three questions are raised.

The first is that the court erred in overruling an application for continuance. It was the first application, made orally by consent, on the ground of absent witnesses, the grounds appearing from the bill of exceptions. It was shown that in April and May, 1892, defendant caused two witnesses, residents of Dallas County, where the cause was pending, to be subpœnaed to attend the trial on May 3, 1892, and to there remain from day to day until discharged by the court. (The trial took place on February 7, 1893.) That neither of the witnesses were employes of the defendant, one of them having been, but at the time of the application was not, in its service; that their testimony was material to the defense; that defendant had used every diligence to procure their attendance and had gone the day before the cause was set for trial to the residence of one of them (C. H. Langdeau) and requested him to be present, notifying him that the case was set.

The court gave as its reason for refusing the continuance that, under the showing made, Langdeau was an employe of the defendant company, and defendant could control his attendance; and that as to the other witness (Barkham), it was not shown that he had been in attendance January 30, 1893, the cause being set for trial on that day, and not reached until the 7th of February.

As to Langdeau, it is observed that the motion which the court refers to as showing that he was an employe of defendant, shows the contrary, and it is further inferable from the court's reason, that Langdeau had been in attendance on January 30, in compliance with defendant's request for him to attend. We are unable to see any legal reason for overruling the application, so far as the witness Langdeau was concerned. It complied with the statute and should, we think, have been granted.

The fifth assignment is founded upon the clause in the policies that they should be void if the insured be not the sole, absolute and unconditional owner of the property insured.   At the date of the policies the property was mortgaged, and the court submitted an issue of waiver in respect to this clause.   This court has held that encumbrances are not within the contemplation of this clause.   Insurance Co. v. Lancaster, 7 Texas Civ. App., 677, in which a writ of error was refused.

The fourth assignment is to the charge of the court in reference to the "watchman" clause in the policies.   The provision reads:   "Warranted on the part of the assured that a watchman shall be kept on duty at night, or this policy shall be void."   The charge is:   "The policies provide that Coffman warrants or agrees that a watchman shall be kept on duty at night, or the policy shall be void.   If, from the evidence, you find and believe that Coffman failed in this respect, and did not keep a watchman as provided in these policies, then this would avoid the liability of defendant company under these policies; if you find that Coffman employed a watchman, believing him to be trustworthy, and placed or kept him on duty at night, then this would be such a compliance with the provision of the policy as would prevent the defendant company from avoiding their responsibility on this ground."

It was shown that plaintiff kept a watchman in his employ to watch the premises at night; that the fire occurred on the morning of July 4, 1891, at which time the watchman was asleep in the office on the premises.

Upon very plain principles, the courts, while requiring a strict compliance with a warranty in insurance contracts, will not exact performance beyond its terms.   What was required in this instance was that the insured should keep a watchman on duty upon the premises at night.   The agreement was complied with when he employed and kept such a servant upon the premises as a night watchman, provided he exercised reasonable care in the selection and retention of the person for that employment.   The provision does not stipulate whereabouts upon the premises the watchman should remain, nor does it stipulate that he should be constantly on the alert.   In Crocker v. Insurance Co., 8 Cush, 79, where the provision was for "a watchman kept on the premises," the court says:   "The terms are not explicit as to the time and manner of keeping a watch—it does not stipulate for a constant watch." See Insurance Co. v. Gustin, 59 N. W. Rep., 375, a case in which it was held that a casual absence of such watchman during the time contemplated, does not necessarily vitiate the policy.   The provision in the latter case was that a watchman was to be kept on the premises during the night.   We are of opinion that his going to sleep while on duty, without the knowledge of his employer, is not of itself sufficient to avoid the policy under the clause in question.

A failure to comply with the provision would, we think, have existed if it had been shown that the insured had notice of any unfitness of the

watchman, or had not observed ordinary care in employing and keeping him.

For the error in refusing a continuance the judgment is reversed and the cause remanded.

<i>Reversed and remanded.</i>