LEWIS v. ÆTNA INS. CO.

(District Court, S. D. New York. May 20, 1903.)

1. MARINE INSURANCE—ACTION ON POLICY—PARTIES.

A payee of a marine insurance policy, other than the owner of the vessel, who disclaims any interest, is not a necessary party to an action on the policy by the owner.

2. SAME—LOSS FROM STRANDING—TEMPORARY ABSENCE OF MASTER NOT UNSEAWORTHINESS.

An exception, in a policy of marine insurance on a vessel, of losses caused by the incompetency of the master or insufficiency of the crew, or other unseaworthiness, does not relieve the insurer from liability for loss or injury by stranding, which was a peril insured against, because the temporary absence of the master who constituted the crew may have been a contributing cause, where such absence was without the fault or knowledge of the owner, who had provided a competent master to render the vessel seaworthy in that respect.

In Admiralty. Action on policy of marine insurance.

Wilcox & Green, for libellant.
John F. Foley, for respondent.

ADAMS, District Judge. This is an action brought upon a policy of insurance issued by the respondent on the 8th day of July, 1901, to the libellant and one Holly, as owner of the Lighter Stamford, the loss, if any, payable to the Mechanic's Trust Company of the City of Bayonne, New Jersey, to cover certain risks on that lighter to an amount not exceeding $3,000, during the year ending on the 8th day of July, 1902. The lighter was sunk at Newark, New Jersey, under circumstances which are detailed in the case of Lewis against the Barber Asphalt Company and the steamtug Thomas Quigley, decided this day, 123 Fed. 161, and a loss suffered, which, it is claimed, amounted to the sum of $1,425. After the accident, Holly died and his executors assigned to the libellant all the interest of the Holly estate in any recovery under the policy.

The policy provided, inter alia, as follows:

"It is the Intent of this Insurance Company by this Policy to FULLY INDEMNIFY the Insured for this Company's proportion of all General Average charges, salvage expenses and loss, damage, detriment or hurt to said vessel for which it may be liable under this Policy, against the adventures and perils of the Harbors, Bays, Sounds, Seas, Rivers, and other waters as above named, * * * excepting always all claims arising from or caused by the following, or other legally excluded causes, viz.: * * * From incompetency of the Master or insufficiency of the crew, * * * From rottenness, inherent defects, and other unseaworthiness. * * * From gangways and openings through the deck or sides not being properly secured and protected."

And it is understood that no loss is to be paid arising from any negligence in not keeping vessel well pumped out, excepting in case of accident."
* * *

"And it is also understood and agreed, that the said vessel shall at all times during the continuance of this Policy, be tight and well found in anchors, cable, rigging, tackle and apparel, as is usual and customary; also, in all other things and means necessary and proper for safe navigation, according to the usage and custom; * * *".

In the trial of the libellant's case against the Asphalt Company and the Quigley, the Insurance Company took part, upon a stipulation that the testimony therein should be deemed the testimony in this case. The facts established thereby bear upon this case so far as they tend to establish the libellant's claim of a loss under the policy and the respondent's defences. The latter are: (1) that the loss arose through insufficiency of the crew rendering the lighter unseaworthy, and (2) that the lighter was not injured by reason of any of the perils insured against.

Some contention has been made by the respondent that there was a non-joinder in the action of the Mechanic's Trust Company mentioned but even if that Company were a necessary party, in view of the provision in the policy that payment should be made to it, which seems doubtful—Friemansdorf v. Watertown Ins. Co. (C. C.) 1 Fed. 68—it appears that it has disclaimed any interest in the policy and consented that the action should proceed without it.

The only defence requiring attention seems to be that which arose out of the master's absence from the lighter and the claimed consequent unseaworthiness. I have held, in substance, in the other case, that the master's absence probably contributed to the loss and the respondent's answer herein alleges that the want of the master or some person in charge "contributed" to the alleged disaster. The question is presented whether the respondent's liability, which arises from an accidental stranding of the vessel, that having been a peril insured against, can in any manner be affected by what is admitted to have been merely contributory to the loss. Viewed in the light most favorable to the respondent, the loss was occasioned by the master's neglect to take care of the boat or the neglect on the part of those at Newark to provide proper means to secure her against stranding, but the insurance contract was designed to indemnify the assured against such negligence. There was no neglect on the owner's part to render the vessel seaworthy by providing a master. There was merely a temporary absence of the master, after the owner had taken sufficient means to comply with his warranty. Under these circumstances it does not seem that the underwriter can be relieved from its liability. The master was neither incompetent nor insufficient as a crew and the policy duly attached. The proximate cause of the loss was the stranding of the vessel and assuming that the stranding was caused by the negligence of the agent of the insured, nevertheless the underwriter remained liable—Busk v. Royal Ex. As. Co., 2 Barn. & Ald. 73; Orient Ins. Co. v. Adams, 123 U. S. 67, 8 Sup. Ct. 68, 31 L. Ed. 63. The fact that the vessel filled through some hatches in the deck, after she was stranded, does not bring the case within the exceptions. The hatches were properly cov-

ered so as to render the vessel seaworthy in such respect for all ordinary purposes. The loss was not proximately due to the hatches but to the stranding.

Decree for the libellant, with an order of reference.