SNYDER et al. v. HOME INS. CO.

(District Court, S. D. New York. November 10, 1904.)

1. MARINE INSURANCE—WATCHMAN—WARRANTIES—BREACH.

> Where a marine policy on a canal boat contained a provision that it was "warranted by the insured that the said vessel * * * shall at all times have a competent watchman on board," and she sunk at a dock, during the absence of the master and crew, without any person in charge, insurer was not liable.

In Admiralty.

Action upon insurance policy to recover damages caused by the sinking of a steam canal boat while lying at a dock in Jersey City on the night of June 10, 1903, during the absence of the master and crew. Several persons visited the boat at intervals to see that she was in safety, but between the times of their visits she filled and sunk. The policy contained the following provision: "Warranted by the insured that the said vessel * * * shall at all times have a competent watchman on board."

John F. Foley, for libelants.
James J. Macklin, for respondent.

HOLT, District Judge. I think that the admitted breach of the warranty that the canal boat should at all times have a competent watchman on board bars a recovery. The cases of Lewis v. Ætna Ins. Co. (D. C.) 123 Fed. 157, and Lewis v. Barber Asphalt Co., Id. 161, do not seem to me to hold to the contrary. In those cases there was a warranty of seaworthiness. The owners had provided a competent master and crew, but the master was not on board. The court held that the warranty was not broken. In this case there was an express warranty that the boat should at all times have a competent watchman on board. The proof does not establish what caused the vessel to sink, but there were various intimations on the trial that it was due to the malicious acts of certain men, hostile to the boat, engaged in a labor strike. There is no proof that this was the cause of the accident, but, if that was the cause, the absence of the watchman undoubtedly gave opportunity for the acts which caused the boat to sink. In any case a breach of an express warranty in a policy of insurance bars a recovery, whether it caused any injury or not. Arnould on Marine Insurance (7th Ed.) vol. 2, § 632, and cases cited.

The libel is therefore dismissed.