WHEALTON PACKING CO. v. ÆTNA INS. CO.

(Circuit Court of Appeals, Fourth Circuit. February 18, 1911.)

No. 971.

INSURANCE (§ 334*)—FIRE POLICIES—WARRANTY BY INSURED—BREACH—MATERIALITY.

· Absence of the sole watchman from a boat to secure a change of clothing and· without the owner's knowledge, during which absence the boat burned, was a material breach of the owner's warranty, under a fire policy, that the boat should "at all times have a competent watchman on board."

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 850; Dec. Dig. § 334.*]

In Error to the Circuit Court of the United States for the District of Maryland, at Baltimore.

Action by the Whealton Packing Company against the Ætna Insurance Company. Judgment for defendant, and plaintiff brings error. Affirmed.

·Alonzo L. Miles (Luther E. Mackall, on the brief), for plaintiff in error.

John F. Foley (Foley, Martin & Nelson and Robert H. Smith, on the brief), for defendant in error.

Before PRITCHARD, Circuit Judge, and BRAWLEY and DAY-·TON, District Judges.

PER CURIAM. While it may be entirely true that some of the courts of this country have gone too far in holding that the breach of an express warranty in an insurance policy, whether material to the risk or not, whether a loss happened through the breach or not, absolutely determines the policy, we are not called upon to either discuss or determine the question in this case. Here the insured warranted that his boat should "at all times have a competent watchman on board," and the evidence is undisputed that, while the boat was lying at wharf, the sole watchman aboard went ashore to secure a change of clothing, and while absent the boat caught fire and was consumed. The very fact that his presence at the time was so essentially necessary to put out the fire and prevent the loss clearly demonstrates the insurance company's right to stand upon the express warranty made in the contract that he would be·there for that purpose. His absence was certainly not immaterial to the risk, and it is a very reasonable presumption that the loss could have been avoided if he had been there performing his duty. It seems clear that the breach of this warranty by the agent of insured without his knowledge must be held, nevertheless, a violation by the insured with whom alone the company contracted. Norwaysz v. Thuringia Ins. Co., 204 Ill. 334, 68 N. E. 551; Snyder v. Home Ins. Co. (D. C.) 133 Fed. 848, affirmed (C. C. A.) 148 Fed. 1021; Ripley v. Ætna Ins. Co., 30 N. Y. 136, 86 Am. Dec. 362; First Nat. Bank v. Ins. Co. of N. America, 50 N. Y. 45; Ryan v. Prov. Wash. Ins. Co., 79 App. Div. 316, 79 N. Y. Supp. 460.

The judgment of the court below must be affirmed.