## SHAMROCK TOWING CO. v. AUTOMOBILE INS. CO. OF HARTFORD, CONN. THE DANIEL J. DUGAN.

(District Court, E. D. New York. November 12, 1926.)

No. A-9612.

Insurance ⬳150—Rider held to displace all the terms of the marine policy to which it was attached.

A rider attached to a marine policy, containing a complete contract of indemnity against certain risks enumerated, and providing that "the terms and conditions of this form are to be regarded as substituted for those of the policy to which it is attached, the latter being hereby waived," displaces all of the terms of the policy, and not merely those which are inconsistent with its own terms.

In Admiralty. Suit by the Shamrock Towing Company against the Automobile Insurance Company of Hartford, Conn., based on an insurance policy issued on the scow Daniel J. Dugan. On motion by libelant for summary judgment and decree. Denied.

Alexander & Ash, of New York City (Mark Ash, of New York City, of counsel), for libelant.

Bigham, Englar & Jones, of New York City (William J. Rapp, of New York City, of counsel), for respondent.

CAMPBELL, District Judge. This suit comes before the court on a motion made by the libelant for summary judgment and final decree, as prayed for in the libel. This is an action upon a policy of insurance for $5,000, issued by the respondent to the libelant on January 4, 1926, upon the scow Daniel J. Dugan.

The policy was on the inland vessel form, countersigned by the agent of the respondent, to which was attached, at the side thereof, a rider entitled "Institute Time Clauses," marked "Attached to and forming a part of policy No. 641,295," on which was placed the following provision:

"The terms and conditions of this form are to be regarded as substituted for those of the policy to which it is attached; the latter being hereby waived."

In the inland vessel form, the respondent agrees to indemnify the libelant, among other things, against "fires that shall come to the

hurt, detriment, or damage of said vessel or any part thereof." No provision for indemnifying assured in case of fire is found in the rider "Institute Time Clauses" attached to said policy.

On June 28, 1926, the scow Daniel J. Dugan was damaged by fire, and on the same day W. T. Heeran & Co., Inc., general insurance brokers and marine adjusters, representing the libelant, notified the respondent of said loss, which the respondent subsequently, on August 30, 1926, refused to pay, on the stated ground that, the damage having been caused by fire, the respondent was not liable under the policy.

Thereafter the libelant commenced a suit in admiralty to recover the particular average, amounting to $5,087.30, less deductible average of $100, the balance being $4,987.30. Respondent answered, and one of the denials of said answer reads as follows:

"As to the alleged damage to the scow Daniel J. Dugan, respondent denies that the alleged damage by fire was one of the perils insured against under the respondent's policy."

No agreed state of facts was presented on this motion. Libelant contends that no issue of fact is tendered by the denial of liability under the policy because the rider and policy must be read together, and that the rider supersedes the policy only to the extent that its provisions are inconsistent with the provisions of the policy. No citation of authority is necessary to show that the general rule is that, where a rider attached to a policy of insurance is inconsistent with certain provisions of the policy, to that extent the provisions of the rider supersede the policy.

Libelant contends that the inland form policy in this suit remains in force as to all of its clauses which are not inconsistent with the institute time clauses; but to so hold we would be compelled to entirely disregard the provision stamped on the rider, the institute time clauses, to wit, "The terms and conditions of this form are to be regarded as substituted for those of the policy to which it is attached; the latter being hereby waived," and this we cannot do.

The rider was complete, being the English form of policy, and indemnifies the assured against things in addition to those enumerated in the original form of policy, but omits fire from the things against which it indemnifies the assured. The rider displaced all of the terms of the policy, and not merely those which were inconsistent with its own terms. Nothing of the original form was left, except the opening clause and the superscrip-

tion clause signed by the officers. New York & P. R. S. S. Co. v. Ætna Ins. Co. (D. C.) 192 F. 212, affirmed (C. C. A.) 204 F. 255.

I cannot agree with the libelant that it is necessary to resort to the original policy to make plain the meaning of the rider; on the contrary, I find that the rider is complete, and no such resort to the terms of the original policy is necessary, because the terms of the rider have been substituted for it, and the terms of the original policy have been waived.

The clause which provides for the substitution of the terms and conditions of the rider for those of the policy was stamped so lightly on the rider that I was able to read it only with the aid of a magnifying glass, and I cannot pass on any question that may arise by reason thereof on this motion, as this motion is directed only to the question of whether the denial of the respondent referred to raised an issue, which I have found it did, and therefore the libelant is not entitled to a summary judgment and final decree.

Motion denied.