## HOUSTON OIL & TRANSPORT CO. v. ÆTNA INS. CO.

District Court, S. D. Texas, at Houston. November 21, 1929.

No. 167.

Fulbright, Crooker & Freeman, of Houston, Tex., for libelant.

Royston & Rayzor, of Houston, Tex., for respondent.

HUTCHESON, District Judge. That the policy was issued, the fire occurred, and the loss has been sustained, is conceded. It is the contention of the respondent that there can be no recovery, because, as claimed by it, contrary to the warranty of the assured, the vessel was not at the time of the fire in charge of a competent watchman.

Libelant answers this contention with the claim:

(1) That the warranty referred to was not a part of the contract of insurance as actually signed, because there had been substituted for the general form a special form covering fire only, the terms of the risk on which were set out in a rider attached to the policy, the rider containing no requirement for a watchman;

(2) That, if the rider did not supersede that part of the general form which contained the warranty clause, still libelant may recover because there was no breach of the warranty;

(3) That, if mistaken in these two contentions, libelant may still recover, because article 4930 of the Texas Statutes requires

that, in order for a defense of breach of warranty to be effective, it must be shown by the evidence that such breach contributed to bring about the destruction of the property, whereas there is no such evidence present in this case; and

(4) Libelant declares that Peden Iron & Steel Company as mortgagee is entitled to recover under section 4931 of the Texas Statutes, providing that the interest of the mortgagee under any fire insurance contract shall not be invalidated by any act or neglect of the mortgagee or owner of the property.

Respondent replies that the statutes invoked have no application to this cause, (1) because they refer to fire insurance contracts, meaning those issued under the laws of the state covering land risks, and have no application to marine policies, even though those policies cover loss by fire only, and (2) if these statutes are construed to be applicable to a marine risk, they are invalid as an attempt to modify the substantive law of admiralty or to control its procedure, citing Union Fish Co. v. Erickson, 248 U. S. 308, 39 S. Ct. 112, 63 L. Ed. 261.

I do not find it necessary to determine either the validity or the applicability of these statutes, for whether libelant is correct or not in its first point, that the fire risk rider attached to the policy is complete in itself as to the terms of the risk, I do agree with it that, if the invoked warranty is in law and in fact a part of the policy, it was not under the facts breached.

It must be conceded that the first point is not without difficulty. If the rider had read as that one did in New York & P. R. S. S. Co. v. Ætna Insurance Co. (C. C. A.) 204 F. 255, "The terms and conditions of this form are to be regarded as substituted for those of the policy to which it is attached, the latter being hereby waived," of course there could be no question that the rider constituted a complete contract, and that the warranty provisions were not applicable to the risk. The Daniel Dugan (D. C.) 17 F.(2d) 658, 1927 A. M. C. 133; Plummer v. Ins. Co. of N. A., 114 Me. 128, 95 A. 605.

If the rider had merely brought in an additional condition, as in Shamrock Towing Co. v. American Ins. Co. (C. C. A.) 9 F.(2d) 57, or St. Paul Fire & Marine Ins. Co. v. Kidd (C. C. A.) 55 F. 238, or in Lancaster v. Southern Ins. Co., 153 N. C. 285, 69 S. E. 214, there could be equally no doubt that a just construction would require that both the rider and the original policy should be construed together, the original policy prevailing except in points where the rider was inconsistent with it.

In this case, however, the construction must be arrived at by a consideration not merely of the words employed in introducing the rider, but in the form and terms of the rider itself. Here the printed policy was a marine policy, A. I. A. Inland Vessel Form. After setting out the insurance, the mortgage holder, the amount of the insurance, the name of the tug, at the point where the warranties in the original policy commenced, the first being a warranty of the range of limits of the policy, there was inserted "Notwithstanding anything here contained to the contrary, this insurance warranted covering the risk of fire only as per form attached," and, following this typed insertion, there was attached a complete form of fire policy, entitled "Vessel fire only," containing many clauses and provisions, and concluding "other clauses as indicated on the reverse hereof" (there being no other clauses) and "attached to and forming part of Policy No. 61660."

This rider contained several warranties, and, in addition to these, there was another rider attached, which contained a printed provision: "All clauses and conditions in this policy to which this form is attached, at variance with or in conflict with the above, are hereby waived and declared void."

Of this rider in question respondent says that it is merely a part of the general policy, and that the rule of construction applicable is that only clauses and conditions at variance with the rider are superseded, all others are left in force, while the position of the libelant is that the rider, purporting to be a complete policy in itself and limited to fire, has superseded and taken the place of other policy terms.

While the matter is not free from doubt, I am inclined to the opinion that libelant is right, and that the insertion of the rider, with its full and complete clauses of recovery, should be taken as representing the intention of the parties that it should be and constitute a contract. However, it is not necessary for me to decide this point, for, if the warranty is applicable, I think it entirely plain that no breach of it has occurred.

The warranty invoked is as follows: "Warranted by the assured that she shall at all times have a competent watchman on board, except that when the vessel is laid up and out of commission she shall be in charge of a competent watchman."

The requirement that she shall have at all times a competent watchman on board is very much more onerous and intended to impose

very different conditions from the latter part of the warranty, which is applicable here," that she shall be in charge of a competent watchman." Shamrock Towing Co. v. American Ins. Co. (C. C. A.) 9 F.(2d) 57.

Respondent cites authorities, Shamrock Towing Co., supra, and others, holding that a warranty in an insurance policy must be strictly construed in accordance with its terms, and that, when it is warranted that "a watchman shall be at all times on board," the warranty must be kept as made, while libelant cites authorities to the effect that a warranty in a policy for keeping a watchman on the premises at all times should be liberally construed.

The warranty in this case is different from those discussed in the cases cited by either libelant or respondent, and lends itself to a construction which favors the libelant, whether viewed from the standpoint of a strict or of a liberal interpretation.

If, as claimed by respondent, the warranty should be construed literally, and enforced that way, the very terms of the warranty put him out of court, for under such strict construction its terms are complied with when a competent watchman has taken charge of the vessel, for the warranty is silent as to, and therefore furnishes no room for, a strict construction upon how the competent watchman shall discharge his trust; while, if construed liberally, and according to the rule of reason, as contended for by libelant, it should be said that, if a competent watchman is put in charge, the fact that he absents himself from the place for a shorter or a longer period cannot defeat the policy, for the general purpose of it, that a watchman should have it in charge, is fulfilled.

No case construing language such as is in this policy has been called to my attention, but the everyday, as well as the dictionary, meaning of the words "in charge of" is, "in the care or custody of, entrusted to the management or direction of." It would be a harsh and strict construction indeed which would declare that this vessel, which had been committed to the care of Gowdy, a competent man, was not in charge of that man merely because, at the time of the fire, he had absented himself physically from the boat.

Some point has been made of the fact that the first absenting occurred, not only through the knowledge, but through the procurement, of the owner, in that upon a visit by the owner of the boat the watchman asked for, and obtained, the privilege of riding to Houston in his car, with the understanding that he would return to the boat around midnight.

It was shown that the fire did not occur until the next morning, and, if the consent of the owner to the absenting could be regarded as material, had the fire occurred during the period covered by his agreement to the absence, it could not be material here, for the absence at the time of the fire was contrary to the express agreement and understanding with the owner.

It does not seem to me, however, that the owner's consent or lack of it to the absence of the watchman is material. The warranty provides merely that the boat should be in the charge of a competent watchman, and it would be reading into the warranty, for the purpose of working a forfeiture, a condition that the person in charge should not absent himself from the boat.

Authorities supporting respondent's position that a warranty to keep a watchman on board or on the premises is to be strictly construed are Buckwalter v. Ætna Ins. Co. (The Dauntless) 143 A. 90, 6 N. J. Misc. R. 770, 1928 A. M. C. 1430; Shamrock Towing Co. v. American Ins. Co. (C. C. A.) 9 F.(2d) 57; Snyder v. Home Ins. Co. (D. C.) 133 F. 848; Whealton Packing Co. v. Ætna Ins. Co. (C. C. A.) 185 F. 108; Cary v. Home Ins. Co., 199 App. Div. 122, 191 N. Y. S. 529; Trojan Mining Co. v. Foreman's Ins. Co., 67 Cal. 27, 7 P. 4; Brooks v. Standard Fire Ins. Co., 11 Mo. App. 349; Wenzel v. Commercial Ins. Co., 67 Cal. 438, 7 P. 817; while authorities cited by libelant on the point that a warranty for a watchman should be liberally construed, are Shamrock Towing Co. v. American Ins. Co. (C. C. A.) 9 F.(2d) 57; Hanover Fire Ins. Co. v. Gustin, 40 Neb. 828, 59 N. W. 375; Sweaney & Smith Co. v. St. Paul Fire & Marine Ins. Co., 35 Idaho, 303, 206 P. 178; Mannheim Ins. Co. v. Chas. Clarke & Co. (Tex. Civ. App.) 157 S. W. 291; Phœnix Assurance Co. of London v. Coffman, 10 Tex. Civ. App. 631, 32 S. W. 810; King Brick Mfg. Co. v. Phœnix Ins. Co., 164 Mass. 291, 41 N. E. 277; McGammon v. Millers' Ins. Co. of Ill., 171 Mo. 143, 71 S. W. 160, 94 Am. St. Rep. 778; AuSable Lumber Co. v. Detroit Mfgrs. Mut. Fire Ins. Co., 89 Mich. 407, 50 N. W. 870; Burlington Ins. Co. v. Coffman, 13 Tex. Civ. App. 439, 35 S. W. 406; Alvah Crocker v. People's Mutual Fire Ins. Co., 8 Cush. (Mass.) 79; Kansas Mill Owners, etc., v. Metcalf, 59 Kan. 383, 53 P. 68.

As heretofore stated, none of these cases construe a clause such as the one contained in this policy.

It is not necessary, therefore, for me to decide whether the liberal or the strict rule of construction should be applied here, since under either the warranty has not been breached.

Let the libelant, then, have its decree for the amount sued for.