WILLIAM S. SWIFT et al., Doing Business Under Name of AMERICAN SCALE COMPANY, v. CENTRAL UNION FIRE INSURANCE COM-. PANY, Appellant.

Division One, December 1, 1919.

1. **PAROL CONTRACT**: Consideration Must Be Pleaded. A petition based on a parol contract of insurance, which neither avers the payment of a premium nor a promise to pay, does not state a cause of action; for no consideration being alleged or implied, the petition is fatally defective.

2. ———: ———: Amendment After Judgment. A petition which states no cause of action at all cannot be amended after judgment so as to state one. If the parol contract sued on was a mere *nudum pactum* and no consideration was pleaded, the petition cannot be amended after trial and judgment so as to allege a consideration. A petition which absolutely states no cause of action cannot be amended after judgment.

3. ———: In Praesenti: Fire Insurance: For Future: Variance. A parol contract for insurance to begin on a certain day in the future and to run for one year may be entered into by the parties, and where the premium is collected the courts enforce it; and the fact that the agreement was for the same amount of insurance as that named in an existing policy, but at an increased rate, does create a fatal variance between the proof and an allegation that "the contract so entered into was upon the same general terms and conditions as those embraced" in the previous written contract.

Appeal from Jackson Circuit Court.—*Hon. Kimbrough Stone*, Judge.

REVERSED AND REMANDED.

*Hugh C. Smith, Paul E. Bradley* and *Leslie J. Lyons* for appellant.

(1) The petition stated no cause of action. 13 C. J. 722; 9 Cyc. 717; 4 Ency. Pl. & Pr. 928; 2 Bates on Pl. & Pr. 1252; 1 Boone's Code Pl. 29, sec. 19; Montgomery County v. Auchley, 92 Mo. 126; Wesson v. Homer, 25 Mo. 81; McNulty v. Collins, 7 Mo. 69; Muldrow v. Tappan, 6 Mo. 276; Robinson v. Levy, 217 Mo. 488. (2) Methods of raising defect in petition proper. Chandler v. Railway Co., 251 Mo. 592; Childs v. Ry. Co., 117 Mo. 414; Greer v. Railway Co., 173 Mo. App. 276; McGrew v. Railroad Co., 230 Mo. 496. (3) Amendment of petition after judgment was error. Porter v. Railway Co., 137 Mo. App. 293; Coleman v. Ins. Co. 69 Mo. App. 566; Shaw v. Ins. Co., 79 Mo. 420; Hart v. Harrison Wire Co., 91 Mo. 414; Andrew v. Lynch, 27 Mo. 167; O'Toole v. Lowenstein, 177 Mo. App. 662; Golden v. Morn, 126 Mo. App. 518; Sawyer v. Railway Co., 156 Mo. 468; Elfrant v. Seiler, 54 Mo. 136; Case v. Fogg, 46 Mo. 47; Merrill v. Mason, 159 Mo. App. 601, 141 S. W. 454. (4) There was a fatal variance between the pleadings and the proof. Worth v. Ins. Co., 64 Mo. App. 583; Shepard v. Boone Ins. Co., 138 Mo. App. 20; Wallette v. British-Am. Ins. Co., 91 Md. 471; Prescott v. Jones, 69 N. H. 305; Taylor v. Ins. Co., 47 Wis. 365; Idaho Co. v. Ins. Co., 8 Utah, 41.

*George H. English, Jr.,* for respondents.

(1) The court did not err in admitting testimony under the pleadings. (a) The objection was so vague and general that the court would have been justified in overruling it, even if the ground now advanced were well taken. Clark v. Loan Co., 46 Mo. App. 248. (b) The petition set forth a good cause of action, even before it was amended, and the court committed no er-

ror in overruling the objection to the introduction of any evidence. (2) The court properly permitted the amendment of the petition. R. S. 1909, sec. 2119, sub-divs. 8 and 9; R. S. 1909, secs. 1851, 2120; Meyer v. Schmidt, 130 Mo. App. 333; Thomasson v. Insurance Co., 114 Mo. App. 109; Sandusky v. Courtney, 168 Mo. App. 325; Murphy v. Insurance Co., 70 Mo. App. 78; Buck v. Ry. Co., 46 Mo. App. 55. (2) There was no error in overruling the demurrers. The proof precisely sustained the pleadings, showing a valid contract whereby in consideration of plaintiffs' promise to pay the premium defendant promised to insure plaintiffs against loss by fire. This contract was in force at the time of the fire, whether it be construed to commence at the date of the conversation which constituted the contract or at the date of the expiration of the then existing policy. 19 Cyc. 673; Elliott on Contracts, par. 4203; Embrey v. Dry Goods Co., 115 Mo. App. 130, 127 Mo. App. 383; Lingenfelter v. Ins. Co., 19 Mo. App. 252; Duff v. Fire Association, 129 Mo. 460; Lowery v. Danforth, 95 Mo. App. 441; Green v. Cole, 103 Mo. 70.

GRAVES, J.—This case reaches us upon due certification by the Kansas City Court of Appeals. Majority and minority opinions are here to enlighten us.

The action is one on a parol contract of insurance, and such contract omitting description of the property is thus averred in the petition:

"Plaintiff states that on or about the 15th day of July, 1913, defendant by its oral contract of insurance made and entered into between the plaintiff and the defendant, insured for one year the following described property, the same being the property of these plaintiffs, namely:

"Said contract of insurance so entered into as aforesaid between plaintiffs and defendant was upon the same general terms and conditions so far as those

embraced in a certain written contract of insurance made and entered into between the defendant and these plaintiffs under date of July 30, 1912, which said last named contract or policy of insurance is in words and figures as follows:''

Following this was set out *in haec verba* an old policy on the same property, which covered a period from noon July 30, 1912, to noon July 30, 1913. Then followed averments of due performance of the contract by plaintiffs, and of the destruction of the property by fire.

Plaintiffs had judgment in the circuit court, which judgment is reversed by the majority opinion of the Court of Appeals, and the cause remanded.

Defendant urges two reasons for the reversal of the judgment: (1) that the petition failed to state a cause of action, in that it failed to allege a consideration for the pleaded parol contract of insurance; and (2) that the contract proven by the evidence was not the contract pleaded, and that this variance between proof and pleading was fatal. The trial court, after judgment, permitted the petition to be amended, so as to aver a consideration, and this is urged by plaintiff. Defendant says that the petition was fatally defective and it was error to permit its amendment. Such are the issues here.

I. This action is on a parol contract of insurance. Whilst the parties may differ as to the exact nature of the contract, there is no disagreement upon the matter of it being a parol contract. It is further clear that the petition avers no consideration for this parol con-

Consideration.    tract. It is averred that defendant agreed to insure the property of plaintiffs, but in consideration of what, is not stated. The petition neither avers the payment of a premium, nor a promise to pay such. In actions upon the kind of contract nere sued upon, the petition is fatally defective without an allegation as to a consideration for the promise al-

39—279 Mo.

leged to have been made by the defendant. In 4 Ency.
Plead. & Prac. it is said, at page 928:

"In the absence of statutory enactments to the
contrary, it is necessary, in actions upon contracts, to
allege a consideration, except in the case of contracts
under seal, bills of exchange, and negotiable promissory
notes, all of which by intendment of law import a
consideration."

In Missouri we have a statute (Sec. 2774, R. S.
1909), but it only applies to instruments in writing. It
does not cover a parol contract of insurance as here
involved. The very recent work, 13 Corpus Juris, page
722, thus states the rule:

"If the contract in suit is under seal it imports a
consideration and none need be alleged, and the same
is true if the instrument sued on is negotiable according
to the law merchant. And by statute in some juris-
diction every written contract is made to import a con-
sideration, and where this is so, it is not necessary for
plaintiff to allege the consideration. But the con-
sideration is an essential part of a contract, and, in
the absence of statutory relief from the rule, a party
declaring on a contract which at common law does not
import a consideration must fully and truly state the
consideration as well as the promise founded on it, and
must prove it as laid. If no consideration is stated, it
is a fatal defect which may be taken advantage of by
demurrer, motion in arrest of judgment, or writ of
error."

The rule above stated is practically a rescript from
9 Cyc. p. 717.

Going to the text-writers, we find that Bliss on
Code Pleading (3 Ed.), p. 400, sec. 268, says:

"Contracts, to be valid, must be founded upon a
consideration, and, except as to those that import it,
the consideration must be proved, and, consequently,
should be stated. The petition should set it out, or show
the contract to be one where the law so imports it as
to dispense with the proof. Contracts, thus, at common

law, importing consideration, are, first, 'deeds'—that is, instruments of writing executed with the formality of a seal, our laws thus following the Roman, which validated contracts without consideration if 'clothed' with certain, though not the same,. formalities, while those unclothed were 'nude' and invalid, unless supported by a consideration—and, second, 'bills of exchange' and 'negotiable promissory notes.' '' See also Section 308 of same author.

In Chitty's Treatise on Pleading, vol. 1, star page 300, we find:

"In declaring upon a contract not under seal, it is in all cases necessary to state that it was a contract that imports and implies consideration, as a bill of exchange or promissory note, or expressly to state the particular consideration upon which it was founded; and it is essential that the consideration stated should appear to be legally sufficient to support the promise, for the breach of which the action is brought." And further, on the same page, we find: "In declaring upon bills of exchange and promissory notes and some other legal liabilities, the mere statement of the liability which constitutes the consideration is sufficient; (1) but in other cases of simple contracts, it is necessary that the declaration should disclose a consideration, which may consist of either benefit to the defendant, or detriment to the plaintiff; (2) or the promise will appear to be *nudum pactum,* and the declaration will consequently be insufficient."

So in the case at bar the promise of the defendant to insure the property of the plaintiffs is a *nudum pactum* under the facts pleaded. No consideration for the promise is averred.

Boone's Code Pleading, page 29, sec. 19, states the rule very tersely in this language: "Where a consideration is not implied, it is the very gist of an action founded upon contract, and must be specially averred."

As seen from the authorities cited supra, the contract involved here is not one which imports a consideration, or one wherein there could be an implied consideration. In other words the very gist of this action has been omitted in the pleading.

This court from an early day has recognized this rule. In one of the latter cases, Montgomery County v. Auchley, 92 Mo. l. c. 129, BLACK, J., said: "Generally, in cases of simple contracts, the consideration should be formally and expressly pleaded." See also Hart v. Harrison Wire Company, 91 Mo. 418 et seq.; McNulty v. Collins, 7 Mo. 69; Wesson v. Horner, 25 Mo. l. c. 82.

In the latter case the answer pleaded an alleged contract or agreement. To this agreement the plaintiff made the point that no consideration was pleaded. This court said: "The agreement set up in the defendants' answer amounts to no defense to the plaintiffs' action. There is not the slightest consideration *set forth* or *mentioned* moving to plaintiffs for any such promise or agreement; it is a mere *nudum pactum*."

From these authorities it is clear that the petition in this case is defective in its failure to plead a consideration for the contract sued upon herein. To our mind it is fatally defective, but this question we take next.

II. Plaintiffs contend that the defect was cured by amendment after trial and judgment; defendant, contra.

Amendment. We think this petition states no cause of action at all, and from nothing a live cause of action cannot be evoluted by amendments, and especially by amendments after judgment.

As the petition stood it pleaded a *nudum pactum* which was not actionable. Where a *nudum pactum*, i. e., no contract is pleaded, can you, after trial and judgment, amend your petition so as to show a contract? It is not a cause of action defectively stated in this petition, but it is a petition stating no cause of action

at all, because the *nudum pactum* pleaded was not binding and not actionable.

As stated by Boone, an allegation of a valid consideration was the gist of the action. In Andrews v. Lynch, 27 Mo. l. c. 169, this court said:

"The old rule of the English judges that a verdict would supply whatever of necessity must have been proved to the jury has never been held to extend to cases where the gist of the action is omitted. Nor have the various statutes of amendments and jeofails enacted in several of our States and embodying this principle ever been construed to embrace a case where no cause of action is stated. [1 Bac. Abr. p. 16; 1 Petersdorf Ab. 871; Winston's Exr. v. Francisco, 2 Wash. 189; Chichester v. Voss, 1 Call, 71.] Our statute upon this subject contains nothing new or additional to the old rule."

The omission of the petition before us was not one as to form, but one as to substance. The very gist of the action was omitted. This petition was bad, and should have been held bad upon a general demurrer. Defendants objected to the introduction of any evidence thereunder, because it failed to state a cause of action. Speaking to a similar situation this court, in Hart v. Harrison Wire Company, 91 Mo. l. c. 420, said:

"This objection, if of the character we hold it to be, is not one of form, but goes to the substance of the action, and is good, on motion in arrest of judgment, and may be made at any stage of the proceedings, and, even in this court, for the first time. The rule is, that wherever a general demurrer would be well taken, a motion in arrest is equally available, and if the petition is bad on general demurrer thereto, the judgment, for the same reason, is equally bad on motion in arrest. [Grove v. City of Kansas, 75 Mo. 672; Weil v. Greene County, 69 Mo. 281.]"

It cannot be questioned that the petition in this case was bad upon general demurrer. A statement of a *nudum pactum* is not the statement of a cause of

action. A petition which states absolutely no cause of action is not one subject of amendment after trial and judgment. As said by NAPTON, J., in the Andrews-Lynch case, supra, our Statute of Jeofails does not avail. In other words, the rules applicable to defectively stated causes of action have no application in cases where no cause of action is pleaded.

The trial court was in error in permitting the amendment after trial and judgment, and in error in refusing to sustain the defendant's request for a directed verdict. These errors necessitate a reversal of the judgment herein. Upon the question here involved the learned opinion of ELLISON, J., well expresses the rule. In such opinion he fully distinguishes the cases relied upon by the plaintiffs, and the learned judge writing the minority views. The curious can consult those opinions.

But as this case must go back for a re-trial, it is well to note a question urged here, which is not dealt with by the Court of Appeals. It is urged that even after the amendment of the petition by averring a parol contract upon a valid consideration, there is a fatal variance between the contract pleaded and the contract proven. This question we take next.

III. Defendant urges that the contract pleaded is a parol contract of insurance *in praesenti,* whereas the

Variance.

evidence showed a mere agreement to enter into a contract of insurance at a later date. Judge JOHNSON in the minority opinion in the Court of Appeals thus fairly quotes the testimony of the plaintiff, leaving out immaterial portions:

"He said to me that the twenty-four-hundred-dollar policy would expire in a short time . . . I told him then distinctly to renew that one, because there was no other place I could · get it, and I wanted that policy continued, and he said he would do it. I understood him to say he would do it and supposed it was done. . . . I dismissed it then from my mind, supposing, of course, he would renew it just as he said he would. I left

town and went away soon after that, supposing the insurance was taken care of."

As a fact the old policy did not expire for some twenty days. The record also shows that the agent issued policies ordered by plaintiffs and collected later. In other words, the agent of defendant kept an account with plaintiffs on insurance matters. The agent said he did not agree to renew the policy, nor did the plaintiffs order it renewed, because of an advance in the rates. However, upon the point now before us, this is by the way-side.

We are not prepared to agree with defendant's version of the alleged parol contract. We think the evidence discloses a contract *in praesenti.* This conclusion is reached by the application of a simple illustration. What plaintiffs wanted was a policy of insurance which would cover their property from July 30, 1913, to July 30, 1914. On the day that Swift talked to Clinton, defendant's agent, such agent could have made out and signed a written policy of insurance specifying therein that the property was insured for $2400 from the 30th day of July, 1913, to the 30th day of July, 1914, and dated such policy on the day of the talk, i. e., July 9th or 10th, 1913. If the agent had actually done this, there would have been no liability under the policy until July 30th, but there would have been thereafter. In other words, the agent of the defendant agreed to renew the old policy, except as to premium, and the time covered for the insurance. It was within the power of the agent on July 9th to then or on that day renew or issue a policy covering the property described in the old policy, for a premium then agreed upon, with liability fixed between July 30, 1913, to July 30, 1914. What they could have done in writing on July 9th, they could do by parol. If on July 9th the agent could have, by a written policy, issued and dated July 9th, insured plaintiff's property for a period from July 30th 1913, to July 30, 1914, a valid parol contract to the same effect could have been

616 SUPREME COURT OF MISSOURI.

State ex rel. Hagerman v. Electric Ry. Co.

made. In fact, a parol agreement of insurance always precedes the actual written agreement. And it is these parol contracts that the courts enforce.

We think that a fair construction of Swift's testimony makes a parol contract of insurance *in praesenti*, in which contract there was the provision that the dates between which liability for fire existed were from July 30, 1913, to July 30, 1914.

This we think is a reasonable construction of the language of the witness, Swift. They were not actually renewing or extending the old contract, because they were changing the consideration. But even if they were actually renewing the old policy, it could have been done as well on the 9th of July, as upon the expiration of the old policy. The renewal would simply be dated July 9th and the term of insurance therein named would have been from July 30, 1913, to July 30, 1914. We see no variance between the pleading and the proof, save and except there was proof of an agreed consideration, and no pleading of a consideration. For the reasons stated in paragraph one above, the judgment is reversed and the cause remanded. All concur.