## CHRISTIAN & BROUGH CO. v. ST. PAUL FIRE & MARINE INS. CO.

(Circuit Court of Appeals, Fifth Circuit. March 5, 1925.)

No. 4368.

1. Insurance ⊜349(1)—Policy held forfeited by failure of insured to make reports and pay premiums.

A policy of insurance on automobiles owned and kept for sale by insured, requiring it to make reports each month of the number of cars owned and sold during the preceding month and to pay the premium thereon, and providing that it should be forfeited by failure to make such report and pay the premium, *held* forfeited where no report was made by insured for six months and until after a loss by fire.

2. Insurance ⊜388(1)—Waiver of past forfeiture does not require waiver of future ones.

Waiver by an insurer of a past forfeiture does not preclude it from refusing to waive a subsequent forfeiture.

3. Insurance ⊜384—Provision requiring waiver to be in writing attached to policy is valid and binding on insured.

A provision of a policy, that an agent of the insurer shall not have power to waive any of its terms unless in writing written upon or attached to the policy, is valid and binding and excludes proof of a waiver by parol or by a course of dealing with an agent.

In Error to the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge.

Action at law by the Christian & Brough Company against the St. Paul Fire & Marine Insurance Company. Judgment for defendant, and plaintiff brings error. Affirmed.

John Brunini, Robert L. Dent, and Hirsh, Dent & Landau, all of Vicksburg, Miss. (Brunini & Hirsch, of Vicksburg, Miss., on the brief), for plaintiff in error.

T. C. Catchings and R. L. McLaurin, both of Vicksburg, Miss., for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is a suit on a fire insurance policy to recover the value of a number of automobiles which were destroyed by fire.

The policy, which was attached to and made a part of the declaration, contains the following provisions: It was to continue in force until canceled, and was intended to cover all automobiles which were owned and kept for sale by the assured. The assured agreed to furnish to the insurer, within 15 days after the close of each calendar month, a correct report of all automobiles owned or sold by it during that month, and to pay the insurance premiums. Any evasion in the matter of such reports or of payments of premiums, or any concealment or misrepresentation of any material fact or circumstance concerning the insurance, or the subject-matter thereof, renders the policy void; and unless the assured should fully comply with all requirements of the policy no suit or action is sustainable. No officer, agent, or other representative of the insurer has the power to waive any of the terms of the policy unless the waiver be written upon or attached thereto, nor should any privilege or permission affecting the insurance exist or be claimed by the assured unless so written or attached. The policy was dated January 14, 1920. The declaration alleges that the fire occurred on August 24, 1921.

The insurance company filed pleas to the effect that it retired from business in the state of Mississippi on March 1, 1921; that the assured never paid any premiums earned thereafter, and failed to make report of the automobiles owned and sold from the date of the company's retirement to the date of the fire; and that therefore the policy by its terms became forfeited.

Plaintiff filed replications, in which it denies that the defendant had withdrawn from business in Mississippi, but admits the other allegations of fact set out in the pleas, and alleges that the defendant had waived any right it had to insist upon a forfeiture by knowingly permitting its agents to enter upon a course of dealing whereby, on several occasions during the year 1920, a single report of automobiles owned and sold covered a period of two months, and that the defendant after March 1, 1921, accepted premiums shown to be due upon a single report for the months of January and February, 1921. The replications admit, also, that the plaintiff was notified in March, 1921, to make payments thereafter direct to the defendant. The district judge sustained a demurrer to the replications and held that the allegations

of fact therein contained were not sufficient to show a waiver. Plaintiff declined to plead further, and judgment was entered against it.

[1] It is clear that the failure of the plaintiff to make monthly reports of the automobiles on hand and to pay the premiums was sufficient to work a forfeiture of the policy. The withholding of information as to the number of automobiles was the concealment of a material fact, because the amount of premiums to be paid depended upon the number of automobiles kept on hand. We are of opinion, also, that such failure constituted an evasion in the matter of payment of premiums. The policy was not intended to permit plaintiff to make reports only in the event of a fire, and to escape the payment of premiums if no fire loss occurred, but that would be the effect if it continued in force whether reports were made or not. Recovery by suit is expressly provided against unless the assured had complied with all the requirements of the policy.

[2, 3] It is not to be doubted that an insurance company can waive a forfeiture, but the waiver of a past forfeiture does not preclude the right to refuse to waive a forfeiture occurring in the future. Thompson v. Insurance Co., 104 U. S. 252, 26 L. Ed. 765. The policy in suit provides that defendant's agent should not have the power to waive any of its terms unless the waiver be written upon or attached thereto. That provision is binding upon the assured. Whatever may be the rule in other jurisdictions, the Supreme Court of the United States is firmly committed to the view that, where a policy of insurance requires that a waiver by the insurer's agent be in writing, it is not permissible to show a waiver by parol agreement or course of dealing with its agent. Northern Assurance Co. v. Grand View Building Association, 183 U. S. 308, 22 S. Ct. 133, 46 L. Ed. 213; Penman v. St. Paul Insurance Co., 216 U. S. 311, 30 S. Ct. 312, 54 L. Ed. 493. The course of dealing relied on by the plaintiff, even though it was known to the defendant, was not sufficient to constitute a waiver of plaintiff's failure to make reports of automobiles owned or sold by it from March to the date of the fire, which occurred in the latter part of August. A waiver of forfeiture for a delay of 30 days is not a waiver of forfeiture for a delay of six months. Whether the defendant continued to do business in Mississippi after March, 1921, or not, the plaintiff was advised that thereafter all reports and payments should be made to it and not to its agent. A failure to

make such reports and payments extended far beyond any indulgence which the defendant had theretofore granted. It follows that in our opinion the order of the district judge sustaining the demurrer to the replications is correct.

The judgment is affirmed.