**ADALIAN'S, Inc., v. FIDELITY–PHENIX FIRE INS. CO. OF NEW YORK.**

No. 7700.

Circuit Court of Appeals, Fifth Circuit.

Jan. 22, 1936.

Thomas A. Cunniff, of St. Petersburg, Fla., for appellant.

Gates Ivy, of Tampa, Fla., for appellee.

Before FOSTER, SIBLEY, and WALKER, Circuit Judges.

SIBLEY, Circuit Judge.

Appellant, plaintiff in the court below, complains of the dismissal on demurrer of his declaration in an action at law to recover for the theft on December 31, 1931, of merchandise while transported by means of his own automobile and trailer. The declaration alleges the making by defendant for a consideration of $125 of a policy of insurance against loss by fire or theft of plaintiff's merchandise to be shipped during a term from September 8, 1931, to September 8, 1932; the policy being annexed and made a part of the declaration. That policy states that the risk attaches only while merchandise is in transit and is in the custody of a railroad or railroad express company or certain lines of steamers and "public truckmen, private truckmen, (including trucks owned and/or operated by and/or for the assured), and/or land transfer and/or transportation companies, provided these carriers are used in connection with railroad, railroad express and/or the above provided steamer shipments." The policy also states: "And no officer, agent or other representative of this Company shall have power to waive any of the terms of this policy unless such waiver be written upon or attached hereto; nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the assured unless so written or attached." The declaration further alleges that, subsequent to the issuance of the policy and before loss, plaintiff determined to ship some of its goods by its own automobile and trailer and "consulted with Almand & Chapman, Inc., a corporation, the general agent of the insurer, informing it of the change in the mode of transportation of a portion of its goods and requesting that insurance be issued to cover the additional mode of transportation in addition to the modes already in use. Thereupon Almand & Chapman, Inc., the aforesaid general agent of the defendant Company, assured the plaintiff that they would cover the new manner of transporting the goods in addition to the risks theretofore assumed by the defendant under the policy of insurance then in force, and that plaintiff

was covered from that time." The grounds of the demurrer are to the effect that this verbal negotiation fails as a modification of the old policy for want of an attached writing, and that, as an independent oral contract, it fails because no consideration is alleged, and that only an executory promise of the agent to issue insurance appears.

■ If the pleading be construed strongly against the pleader, it might be held that the last-quoted words, "Plaintiff was covered from that time on," are but a conclusion of the pleader, and that only an individual promise to issue some sort of policy was made by Almand & Chapman, Inc., and not as defendant's agent, those words being only descriptio personæ. But we prefer to assume that it is intended that Almand & Chapman, Inc., acting as the agents of defendant and having general authority to make insurances, said all that is set forth, and to consider whether as a result of it this theft from plaintiff's truck or trailer is covered by a valid contract of insurance. Transportation in the plaintiff's own trucks is covered by the original policy, provided they are used in connection with railroad, express, or steamer shipments. The effect of the alleged oral agreement is to waive this proviso, and to have such transportation covered without restriction. But the policy itself nullifies this result, because it denies to Almand & Chapman, Inc., as insurer's agent any authority to waive any term of the policy except by an attached writing. If it be thought that a privilege or permission was given to ship some of the goods by private truck instead of by public carrier, it is met by plaintiff's agreement in the policy not to claim any privilege unless it is written and attached. Some courts, indeed, have said that the policy is not the place to look for the real authority of an agent, and also that a denial to all of a corporation's officers and agents of authority to contract in parol as to matters where the law does not require a writing is' an effort to amend the law and void. But for us it is settled that the stipulation in a policy of insurance that before loss a change in it or in reference to the insurance under it shall be made only by an attached writing is reasonable and valid under ordinary circumstances, and that the policy may itself properly limit the power of mere agents to alter it. Northern Assurance Co. v. Grand View Building

Ass'n, 183 U.S. 308, 22 S.Ct. 133, 46 L.Ed. 213; Penman v. St. Paul Fire & Marine Ins. Co., 216 U.S. 311, 30 S.Ct. 312, 54 L.Ed. 493; Christian & Brough Co. v. St. Paul Fire & Marine Ins. Co. (C.C.A.) 5 F.(2d) 489. Therefore the parol negotiation must fail as a modification of the existing policy.

■ The declaration fails to show a sufficient independent contract. It wholly omits to allege' that there was any consideration or what it was; and that is necessary to show a binding oral contract of insurance. Liverpool & London & Globe Ins. Co. v. McCree, 210 Ala. 559, 98 So. 880; Swift v. Central Union Fire Ins. Co., 279 Mo. 606, 216 S.W. 935; Swift v. Central Union Fire Ins. Co., 202 Mo.App. 419, 217 S.W. 1003. It is argued that the old policy was cancelable, and that a return of premium would have been due on a cancellation, and that the agent could accept this returned premium and the surrendered liability as consideration for a new contract having the terms requested. But it is not alleged that any such thing was agreed on. Plaintiff kept his old policy in his possession and requested an additional insurance to be issued. The old insurance standing unaltered could not afford a consideration for another contract. It might be said that, if some of the goods covered by it were to be withdrawn and put under the new insurance, there would be a benefit to the insurer sufficient to uphold the change. But it is apparent from the tenor of the policy that the plaintiff was not insuring under it any particular goods, but all that he might ship, and the policy provides that the $125 premium paid is only a deposit to cover shipments of an assumed value of $75,000, and that settlement is to be made on the value of the goods actually shipped, whether more or less. To ship less goods under the policy was always at the option of the plaintiff and no departure from the insurer's contract. It is not alleged that there was any standard form of insurance for the new risk or any customary or established rate of premium to pay which a promise could be implied. Manifestly this risk is different from that when goods are handled by a public carrier; and the subrogation of the insurer to the claim against the carrier for lost goods which is contracted for in the policy is absent when the insured becomes his own carrier. It can-

228

not be reasonably assumed that a premium rate the same as that applying to the policy was to be charged for the new insurance, even though we assume that a new policy was contemplated like the old one except as to the additional risk to be carried.

Neither as an independent oral contract nor as a modification of the written policy is a valid insurance alleged.

Judgment affirmed.