**WILBURN BOAT CO. et al. v. FIREMAN'S FUND INS. CO.**

No. 13956.

United States Court of Appeals
Fifth Circuit.

Jan. 29, 1953.

T. G. Schirmeyer, Houston, Tex., Hobert Price, Dallas, Tex., Alexander Gullett, Gullett & Gullett, Denison, Tex., for appellants.

Edward B. Hayes, Chicago, Ill., Joe A. Keith, Sherman, Tex., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RIVES, Circuit Judges.

BORAH, Circuit Judge.

This action is based on a policy of marine insurance and was originally instituted in the state court from whence it was removed to the civil side of the docket in the Federal District Court at Sherman, Texas, on the grounds of diversity of citizenship.

On February 25, 1949, the appellants' motor vessel Wanderer, then insured under a full marine risk policy containing a fire clause, was destroyed by a fire of unknown origin while she lay afloat moored in Lake Texoma. The appellants filed a sworn statement in proof of loss, but the appellee insurance company refused to recognize the claim because of the alleged breach of certain conditions in the policy and in consequence this action was instituted. The policy provides that the insurance shall be void in case the interest insured shall be sold, assigned, transferred, or pledged without the previous consent in writing of the assurers, and further that it is warranted by the assured that the vessel shall be used solely for private pleasure purposes and shall not be hired or chartered unless permission is granted by indorsement on the policy.

It was stipulated by and between the parties that the Wanderer was sold and transferred by the appellants J. F. Wilburn, J. H. Wilburn, and L. G. Wilburn, to the appellant Wilburn Boat Company, an Oklahoma corporation; that the vessel was not used solely for private pleasure purposes, but on the contrary was chartered and used for hire and that without the consent of the appellee the vessel was pledged by chattel mortgage on two occasions to the Citizens National Bank of Denison, Texas, and once to 'J. F. Wilburn and J. H. Wilburn jointly. The case was tried before the court without a jury, and after consideration of the pleadings, evidence, and the arguments of counsel the court found that a failure of performance of the terms of the contract was indisputably shown and that under the general admiralty law appellants were not entitled to recover. The controlling question presented upon this appeal is whether the trial judge rightly held that the policy is governed by the general admiralty law.

Appellants claim that the contract was entered into in Texas and is subject to the statutory insurance laws of that state which prohibit a forfeiture under the circumstances here presented. More specifically, their primary contentions are that the court committed error: (1) in denying recovery under the policy because the assured encumbered the vessel without the written consent of the insurer in that such holding runs counter to V.A.T.S. Insurance Code,

art. 5.37 [1] which declares an "encumbrance clause" to be null and void; (2) in holding that the assured was not entitled to recover because the vessel was hired or chartered without the written consent of the insurer in violation of the warranty of use for private pleasure purposes since there was no showing here that the use of the vessel had anything to do with the loss and absent such causal relationship, V.A.T.S. Insurance Code, art. 6.14,[2] prohibits a breach of the warranty from being interposed as a defense to a suit or to avoid the policy; (3) in failing to hold that they were entitled to recover under admiralty law and under the laws of Texas since the insurer knew or should have known that the Wanderer was being used commercially and has waived the defense based on the breach of the warranty of private use and is estopped from relying thereon.

▆▆▆ These being the issues, our first inquiry is to determine whether or not the circumstances here presented warrant the application of the law of the sea. We are in no doubt that the contract was maritime in its nature. Indeed, appellants admit that the policy was one of marine insurance and it affirmatively appears from the policy provisions that it covered the operation of the vessel on navigable waters of the United States without as well as within the State of Texas. Further, the vessel's operations were not confined to Texas waters. The trial court found that the waters of Lake Texoma (an inland lake between Texas and Oklahoma) are part of the navigable waters of the United States. Appellants do not challenge this finding; there is evidence to support it; and we are satisfied that the finding is correct in fact and in law. Davis v. United States, 9 Cir., 185 F.2d 938. It has long been the settled doctrine that navigable lakes are public waters and are within the grant of admiralty and maritime jurisdiction in the Constitution of the United States. Insurance Company v. Dunham, 11 Wall. 1, 78 U.S. 1, 26, 20 L.Ed. 90; The Genesee Chief, 12 How. 443, 53 U.S. 443, 13 L.Ed. 1058. And the courts have throughout the years recognized the learned and exhaustive opinion of Justice Story in the case of DeLovio v. Boit, Fed.Cas. No.3,776, 2 Gall. 398, affirming the admiralty jurisdiction over policies of marine insurance. Insurance Co. v. Dunham, supra; see also Robinson v. Home Ins. Co., 5 Cir., 73 F.2d 3, certiorari denied 294 U.S. 712, 55 S.Ct. 508, 79 L.Ed. 1246; Aetna Ins. Co. v. Houston Oil & Transport Co., 5 Cir., 49 F.2d 121, certiorari denied 284 U.S. 628, 52 S.Ct. 12, 76 L.Ed. 535. It follows that we are required to measure appellants' liability by the standards of the maritime law even though the proceeding was instituted in a common-law court. See Carlisle Packing Co. v. Sandanger, 259 U.S. 255, 259, 42 S.Ct. 475, 66 L.Ed. 927; Chelentis v. Luckenbach S. S. Co., 247 U.S. 372, 384, 38 S.Ct. 501, 62 L.Ed. 1171.

▆▆▆ Applying the rules of the numerous cases which have recognized the necessary dominance of admiralty principles in actions in vindication of rights arising under admiralty law, we hold that because

---

1. Art. 5.37 is as follows: "Any provision in any policy of insurance issued by any company subject to the provisions of this subchapter to the effect that if said property is encumbered by a lien of any character or shall after the issuance of such policy become encumbered by a lien of any character, then such encumbrance shall render such policy void, shall be of no force and effect. Any such provision within or placed upon any such policy shall be null and void. Acts 1951, 52nd Leg., ch. 491." Art. 5.37 is based on Art. 4890, R.S.1925, Acts 1913, p. 195, without change.

2. Art. 6.14 reads as follows: "No breach or violation by the insured of any warranty, condition or provision of any fire insurance policy, contract of insurance, or applications therefor, upon personal property, shall render void the policy or contract, or constitute a defense to a suit for loss thereon, unless such breach or violation contributed to bring about the destruction of the property. Acts 1951, 52nd Leg., ch. 491." Art. 6.14 is based on Art. 4930, R.S.1925, Acts 1913, p. 194, Acts 1927, 40th Leg., p. 48, ch. 33, § 1, without change.

of their admitted breaches of this contract assureds may not recover on it. Under general maritime law, contracts of insurance must be enforced as written and this court, in common with other courts, so holds. Home Ins. Co. v. Ciconett, 6 Cir., 179 F.2d 892, 894; Robinson v. Home Ins. Co., supra; Aetna Ins. Co. v. Houston Oil & Transport Co., supra. In Home Ins. Co. v. Ciconett, the court, in language which we approve, declared: ."It is settled that a warranty in a contract of insurance must be literally complied with; that the only question in such cases is whether the thing warranted to be performed was or was not performed; and that a breach of the warranty releases the company from liability regardless of the fact that a compliance with the warranty would not have avoided the loss. Shamrock Towing Co. v. American Insurance Co., 2 Cir., 9 F.2d 57, 60; Fidelity-Phenix Ins. Co. v. Chicago Title & Trust Co., 7 Cir., 12 F.2d 573; Whealton Packing Co. v. Aetna Insurance Co., 4 Cir., 185 F. 108; Aetna Insurance Co. v. Houston Oil & Transport Co., 5 Cir., 49 F.2d 121, 123–124. See also Norwich Union Indemnity Co. v. H. Kobacker & Sons Co., 6 Cir., 31 F.2d 411, 414; Imperial Fire Ins. Co. v. Coos County, 151 U.S. 452, 14 S.Ct. 379, 38 L.Ed. 231. .The General Admiralty Law, as shown by the foregoing cases, is applicable. Garrett v. Moore-McCormack Co., 317 U.S. 239, 243–245, 63 S.Ct. 246, 87 L.Ed. 239."

■ This record fully supports the finding of the trial court that the warranty of private use was breached. . Appellants do not deny the breach, but insist that the insurer waived this defense and is estopped from setting it up for the reason that the Wanderer was surveyed at insurer's request while the policy was in effect and appellee knew or should have known from a plain statement in the survey report that the vessel was being used commercially and failed to cancel the policy. But what appellants overlook, and what is fatal to their contention, is that the policy provided that the waiver of any provision or condition of the contract shall be written upon or attached thereto. Such a provision is reasonable, valid and binding on the assured. Adalian's, Inc. v. Fidelity-Phenix Fire Ins. Co. of New York, 5 Cir., 81 F.2d 226, 227; Aetna Ins. Co. v. Houston Oil & Transport Co., supra; Christian & Brough Co. v. St. Paul Fire & Marine Ins. Co., 5 Cir., 5 F.2d 489. And, as was rightly found by the trial court, no permission was ever granted by indorsement on the policy for use other than for private pleasure purposes. We hold that the insurer is not barred from relying upon the appellants' breach of the "use" warranty. But even if the situation were otherwise, which it is not, appellants have admitted without qualification or defense that they breached the provision in the policy against selling, assigning, transferring, and pledging the vessel. We need not therefore labor the point, as one breach is sufficient.

■ There remains for consideration the question as to whether appellants may invoke the laws of Texas to "modify or correct" the principles of general maritime law enunciated in the Aetna case. Appellants concede that the admiralty courts should continue to construe the terms found in a marine insurance policy, such as the watchman's clause, the perils of the sea clause, or any other classic marine insurance clause, provided, that the federal decisions do not conflict with the regulatory insurance statutes of the several states. They contend that "the issue in this case is not whether general admiralty law applies in construing the terms used in marine policies or whether or not an admiralty court has jurisdiction over marine insurance litigation", but that "the question here presented is whether or not general admiralty law supersedes and overrides the insurance statutes of the State of Texas regulating the insurance business conducted within the state". We are no more impressed by this argument than was the trial court. Taking appellants' contentions as we find them, and deciding the case, as we should, upon principles of admiralty and maritime law rather than upon the common law of Texas as amended by statute, we are of opinion that the hostile conflict which appellants claim here ex-

**837**

ists and which indubitably does exist precludes the applicability of the state law.

 It is clear from the authorities that state law is admissible to modify or supplement admiralty and maritime law only when the state action is not hostile to characteristic features of the maritime law. Knickerbocker Ice Co. v. Stewart, 253 U.S. 149, 40 S.Ct. 438, 64 L.Ed. 834; Union Fish Co. v. Erickson, 248 U.S. 308, 39 S.Ct. 112, 63 L.Ed. 261; see Just v. Chambers, 312 U.S. 383, 61 S.Ct. 687, 85 L.Ed. 903. The following cases upon which appellants rely are but some of the instances in which the courts have held that state law, as construed and applied, did not interfere with any characteristic feature of the maritime law. Just v. Chambers, supra; Red Cross Line v. Atlantic Fruit Co., 264 U.S. 109, 44 S.Ct. 274, 68 L.Ed. 582. These cases are not apposite. It is the settled doctrine that a marine contract of insurance is "derived from" is "governed by", and is a "part of" the general maritime law of the world. Insurance Co. v. Dunham, supra. A cause of action on a marine insurance policy is a cause of action in admiralty and when it is asserted in a court of law its substance is unchanged. Panama Agencies Co. v. Franco, 5 Cir., 111 F.2d 263, 266. The right of a common law remedy so saved to suitors does not include attempted changes by the states in the substantive admiralty law. Cushing v. Maryland Cas. Co., 5 Cir., 198 F.2d 536, 538. There is and can be no doubt that this suit which challenges the validity and effect of the terms of a maritime contract does involve a characteristic feature of substantive admiralty law. Therefore the state law is inapplicable whatever it may be and we need not and do not decide whether, as appellee vigorously and persuasively insists, the Texas statutes as construed by Texas courts have no application to the present situation.

 In support of appellants' related contention that the Texas laws on which they rely are regulatory in nature, Hooper v. People of State of California, 155 U.S. 648, 15 S.Ct. 207, 39 L.Ed. 297, is cited as authority for the proposition that a contract of marine insurance is not within the regulatory power of Congress under the commerce clause of the constitution and therefore is subject to state regulation. Acknowledging that the Hooper case was overruled in United States v. South-Eastern Underwriters Ass'n, 322 U.S. 533, 64 S.Ct. 1162, 88 L.Ed. 1440, appellants argue that the earlier decision was reinstated by the McCarran Act of March 9, 1945, 15 U.S.C.A. §§ 1011, 1012, in which Congress declared that the business of insurance shall be subject to the laws of the states which relate to the regulation or taxation of such business. We think otherwise and are of the opinion that the McCarran Act was passed to meet the South-Eastern Underwriters Ass'n case and that the Act only concerns the power of Congress to sustain existing and future state legislation from attack under the commerce clause of the Constitution. Prudential Insurance Company v. Benjamin, 328 U.S. 408, 66 S.Ct. 1142, 1143, 90 L.Ed. 1342. However, and what is here important, is that admiralty and maritime law does not depend for its effect upon the power of Congress to regulate commerce. Knickerbocker Ice Company v. Stewart, supra; The Belfast, 7 Wall. 624, 74 U.S. 624, 19 L.Ed. 266; The Genesee Chief, supra. We are clearly of opinion that the Hooper case and the McCarran Act have no application here, and, if more need be said, the Hooper case does not involve a conflict between state law and the law of admiralty and cannot aid appellants even if, as they contend, it has been revived by the McCarran Act.

The other contentions raised by appellants have been carefully considered but do not merit discussion. The judgment was right and it is

Affirmed.