# THE WILLIAM M. HOAG.

## THE THREE SISTERS.

**APPEALS FROM THE DISTRICT COURT OF THE DISTRICT OF OREGON.**

Nos. 137, 138. Submitted November 12, 1897.— Decided December 6, 1897.

These cases are affirmed as to the jurisdiction of the District Court on the authority of *The Resolute, ante,* 437.

THE case is stated in the opinion.

*Mr. William T. Muir* and *Mr. John W. Whalley* for appellants.

*Mr. L. B. Cox, Mr. W. W. Cotton, Mr. Thomas O'Day* and *Mr. C. F. Lord* for respondents.

MR. JUSTICE BROWN delivered the opinion of the court.

These cases differ from those already disposed of *ante,* 437, only in the fact that the libels contain claims by the masters of those vessels, with an averment that during the time they were employed there was an officer known as the purser; that the agents of the receiver and the purser collected and received all

the earnings from the vessels from both passengers and freight, and paid over such earnings in the ordinary course of business to the receiver; that none of the earnings of the vessels passed through the hands of the masters, and that their sole duties consisted in navigating the steamers upon routes selected by the receiver within the State of Oregon, and that all the supplies and materials were purchased by the said receiver through other agents and servants. This allegation is evidently designed to raise the question whether the ancient doctrine enforced upon the court of admiralty by prohibition from Westminster Hall, that the master has no lien for his wages, and which was declared to be the law by this court in the case of *The Orleans*, 11 Pet. 175, has any application to modern methods, where a purser or other agent is employed by the owner to collect the freights and pay the bills of the vessel, the practice formerly being for the master to receive all the freight, pay the crew and buy the supplies. The denial of the lien of the master was based upon the theory that he had a lien upon the freight for his wages, and having the freight in his own hands was presumed to pay himself. The argument is made that, the reason for the rule having ceased to exist, the rule itself, which denied the master a lien upon the vessel, has become obsolete.

A lien was also claimed and admitted on behalf of the masters under a local statute of Oregon; but it was also insisted in defence thereto that the masters had not proceeded within the time allowed by law for the enforcement of such claim.

The latter question, at least, if not the former, did not affect the jurisdiction of the court, but went to the merits alone.

The decrees of the court below in these cases are also, in respect to jurisdiction,

*Affirmed.*