## UNION FISH COMPANY v. ERICKSON.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE
NINTH CIRCUIT.

No. 76.  Submitted November 22, 1918.—Decided January 7, 1919.

By a contract made orally in California, respondent was engaged to go
to Alaska and there for one year to serve as master of petitioner's
vessel, mainly upon the sea. The respondent libeled the vessel in
the District Court in California for breach of the contract. *Held*,
that the contract was maritime, and that the California statute of
frauds requiring a writing for agreements not to be performed within
a year was therefore inapplicable in defense. P. 312.

235 Fed. Rep. 385, affirmed.

THE case is stated in the opinion.

*Mr. G. S. Arnold* and *Mr. William Denman* for petitioner:

The California statute, Civil Code, § 1624, made the
contract invalid; it did not affect merely procedure, like
the corresponding portion of 29 Charles II, c. 3, par. 4.
The contract, therefore, was everywhere unenforceable,
unless a State is powerless to make any maritime contract,
though entered into within her limits, invalid. *Leroux* v.
*Brown*, 12 C. B. 801; *David Lupton's Sons Co.* v. *Auto-
mobile Club*, 225 U. S. 489; *Buhl* v. *Stephens*, 84 Fed. Rep.
922; *Allens* v. *Schuchardt*, Fed. Cas. No. 236; affd. 1
Wall. 359; *Scudder* v. *Union National Bank*, 91 U. S.
406, 413; Minor, Conflict of Laws, §§ 173, 210.

The decision in *Workman* v. *New York City*, 179 U. S.
552, (cf. s. c., 63 Fed. Rep. 298; 67 Fed. Rep. 347,) was
not revolutionary. It merely applied well-settled prin-
ciples, holding that in admiralty, as in equity, the federal
courts will not be bound by decisions of state courts.

It must primarily be carried in mind that that action involved a tort and not a contract, and that the state law overridden was simply the common-law principles laid down in the state courts.   All the decisions relied on (save *Liverpool & Great Western Steam Co.* v. *Phenix Insurance Co.*, 129 U. S. 397, 443,) were cases of procedure or jurisdiction, not passing upon the validity of any contract enforced in admiralty but concerned only with the powers of the States to regulate the admiralty courts.   Naturally the States have no such power or the federal jurisdiction in admiralty would be carried on subject to the approval of the States.   Admittedly, no state statute can regulate the jurisdiction or practice of the United States courts in equity, *Payne* v. *Hook*, 7 Wall. 425, 430; or in admiralty, *The Lottawanna*, 21 Wall. 558.   The federal courts in admiralty, (as in equity,) are not governed by the state statutes of limitation.   *The Key City*, 14 Wall. 653, 660; *Sullivan* v. *Ellis*, 219 Fed. Rep. 694, 698.   A State cannot affect the application of the Limited Liability Act in admiralty. *Butler* v. *Boston & Savannah S. S. Co.*, 130 U. S. 527, 557. Contributory negligence does not wholly bar recovery in admiralty.   *The Max Morris*, 137 U. S. 1.   And the admiralty court will determine the priority of maritime liens upon maritime principles.   *The J. E. Rumbell*, 148 U. S. 1. (As pointed out in *The Lottawanna*, the constitutionality of the Limited Liability Act was sustained not under the admiralty clause but under the commerce clause.   *Lord* v. *Steamship Co.*, 102 U. S. 541, 545.   As a valid act under the commerce clause, no state legislation could limit its operation.   This is equally true of any valid federal act which regulates commerce, such as the Federal Employers' Liability Act of 1910.   *Seaboard Air Line Ry. Co.* v. *Horton*, 233 U. S. 492, 501; *Moss* v. *Gulf Compress Co.*, 202 Fed. Rep. 657, 661.)

The rule that the federal courts are not bound by decisions of state courts upon questions of general juris-

prudence or general commercial law has always been recognized. As stated in *Liverpool & Great Weste Steam Co.* v. *Phenix Insurance Co.,* 129 U. S. 397, ، ِ، this principle applies only to state court decisions and does not apply to statutes. But if a State legislates regarding a matter of general commercial law, the federal courts necessarily are bound by the statute enacted. *Smith* v. *Nelson Land & Cattle Co.,* 212 Fed. Rep. 56, 59.

The case of *Southern Pacific Co.* v. *Jensen,* 244 U. S. 205, is not inconsistent with the power of the State to regulate, in the absence of legislation by Congress, maritime contracts, so far at least as to prescribe the formal requirements necessary to the validity of such contracts. The reasoning of both the majority and dissenting opinions confirms this power. That the admiralty courts are bound to respect state statutes of the character here involved had been clearly enunciated some time before in *The Hamilton,* 207 U. S. 398, 405. See also *The Harrisburg,* 119 U. S. 199; *The Lottawanna,* 21 Wall. 558.

Under the similar power expressed in the interstate commerce clause, the federal courts have always held that where state statutes are local in their nature and Congress has not acted, the statutes are valid and will be enforced in the federal courts. *Baltimore & Ohio R. R. Co.* v. *Baugh,* 149 U. S. 368. But to sustain the present decision, the conclusion must be reached that the power of Congress is *exclusive,* and that all state statutes regulating maritime contracts are void in admiralty.

If the California statute, prescribing the formalities necessary to the validity of a contract executed within her borders, will not be enforced in admiralty, it follows that the State is without power effectually to legislate with regard to maritime contracts at all, since the statutory regulation of maritime contracts necessarily involves the

invalidity of contracts not executed in conformity with the statute. To take away the power of a State to regulate maritime contracts seems a clear denial of the principle stated by the Supreme Court in enforcing in admiralty a state pilotage statute. *Ex parte McNeil*, 13 Wall. 236, 243.

As has been pointed out the courts have gone no further in making clear the inviolability of admiralty than they have of federal equity jurisdiction. Yet courts of equity constantly enforce state statutes of frauds. See such cases as *Kennedy* v. *Bates*, 142 Fed. Rep. 51; *Horton* v. *Steg-meyer*, 175 Fed. Rep. 756; *Ducie* v. *Ford*, 138 U. S. 587. If the California statute, prescribing general rules for all contracts, and applying only incidentally to maritime contracts, executed within her borders, infringes upon the judicial section of the Constitution when it is applied to maritime affairs, then so much the more must state stat-utes directly affecting maritime matters—marine insur-ance contracts, materialmen's liens, pilotage and many other subjects—infringe upon federal powers.

*Mr. Charles J. Heggerty* for respondent. *Mr. F. R. Wall* was also on the brief.

Mr. Justice Day delivered the opinion of the court.

Erickson filed a libel in admiralty in the District Court of the United States for the Northern District of California, alleging that by an oral contract with the petitioner, owner of the vessel "Martha," he engaged to proceed to Pirate Cove, Alaska, and after arrival there to serve for a year as master of the vessel, and perform certain duties in connection therewith for an agreed compensation. The libel averred that he proceeded to Pirate Cove, and per-formed his duties under the contract until he was wrong-fully discharged by the respondent. Libelant sought to

recover damages for breach of contract. An answer was filed denying the alleged contract, and averring that libelant was discharged because of his wrongful conduct.

A decree was rendered in favor of libelant in the District Court; upon appeal that decree was affirmed by the Circuit Court of Appeals. 235 Fed. Rep. 385.

The question presented and argued here concerns the application of the California Statute of Frauds, which it is alleged rendered the contract void because not to be performed within one year from the making thereof. The Civil Code of California provides: Section 1624. "The following contracts are invalid, unless the same, or some note or memorandum thereof, is in writing and subscribed by the party to be charged, or by his agent:

"1. An agreement that by its terms is not to be performed within a year from the making thereof."

The contract of the master was of a maritime character. This does not seem to be controverted by the petitioner. (See *The Boston*, 3 Fed. Cas. 921, Cas. No. 1669; *The William H. Hoag*, 168 U. S. 443.) We have, then, a maritime contract for services to be performed principally upon the sea, and the question is can such engagement be nullified by the local laws of a State, where the contract happens to be entered into, so as to prevent its enforcement in an admiralty court of the United States?

The Constitution (Article III, § 2) extends the judicial power of the United States to all cases of admiralty and maritime jurisdiction. Admiralty jurisdiction under the Federal Constitution "embraces," says Mr. Justice Story in his treatise on the Constitution, "two great classes of cases,—one dependent upon locality, and the other upon the nature of the contract." In the latter class are embraced "contracts, claims, and services purely maritime, and touching rights and duties appertaining to commerce and navigation." Story on the Constitution, 4th ed., § 1666.

This court has had occasion to consider the nature and extent of admiralty jurisdiction as it was intended to be conferred by the Constitution. In *The Lottawanna,* 21 Wall. 558, the subject was much considered, and Mr. Justice Bradley, speaking for the court, said:

"One thing, however, is unquestionable; the Constitution must have referred to a system of law coextensive with, and operating uniformly in, the whole country. It certainly could not have been the intention to place the rules and limits of maritime law under the disposal and regulation of the several States."

This principle was reiterated in *Workman* v. *New York City,* 179 U. S. 552. In that case it was declared that neither local law nor decisions could deprive of redress where a cause of action, maritime in its nature, was prosecuted in a court of admiralty of the United States. (179 U. S. 560.)

In the recent case of *Southern Pacific Co.* v. *Jensen,* 244 U. S. 205, the subject was again considered and the cases in this court reviewed, and state legislation was declared invalid "if it . . . works material prejudice to the characteristic features of the general maritime law or interferes with the proper harmony and uniformity of that law in its international and interstate relations." (244 U. S. 216.)

In entering into this contract the parties contemplated no services in California. They were making an engagement for the services of the master of the vessel, the duties to be performed in the waters of Alaska, mainly upon the sea. The maritime law controlled in this respect, and was not subject to limitation because the particular engagement happened to be made in California. The parties must be presumed to have had in contemplation the system of maritime law under which it was made. *Watts* v. *Camors,* 115 U. S. 353, 362.

In different countries the appointment of masters of

vessels has been the subject of maritime law which has directed the conduct of "those who pursue commerce and, put to sea." Their duties and qualifications have been the subject of regulation by the recognized principles of admiralty law. Benedict's Admiralty, 4th ed., § 146. They are regulated by statutes enacted under federal authority. See U. S. Comp. Stats. of 1916, vol. 12, Index "Masters of Vessels."

If one State may declare such contracts void for one reason, another may do likewise for another. Thus the local law of a State may deprive one of relief in a case brought in a court of admiralty of the United States upon a maritime contract, and the uniformity of rules governing such contracts may be destroyed by perhaps conflicting rules of the States.

We think the Circuit Court of Appeals correctly held that this contract was maritime in its nature and an action in admiralty thereon for its breach could not be defeated by the statute of California relied upon by the petitioner.

*Affirmed.*