**RUBENSTEIN v. IMLACH et al.**
No. C–625.

District Court of Alaska.  Third Division.  Valdez.
Nov. 10, 1936.

Thos. M. Donohoe, of Cordova, for plaintiff.

Walter H. Hodge, of Cordova, for defendant.

HELLENTHAL, District Judge.

This cause is before the court on motion of the defendant, Imlach, to vacate a judgment entered on the 11th day of September, 1935, in favor of the plaintiff and against the defendants, upon the grounds and for the reason, as claimed in said motion, that said judgment was taken and entered through mistake, inadvertence, surprise and excusable neglect and upon the further grounds and for the further reasons, as claimed in said motion, that said judgment is wholly void and ineffectual and that the court had no jurisdiction to enter the same and the same is contrary to law.

The complaint in this cause was filed on the 30th day of March, 1934, and avers that defendant, W. J. Imlach, resides in the Territory of Alaska, and that on the 2nd day of April, 1928, in the United States District Court, Western District of Washington, Northern Division, in admiralty a judgment was duly and regularly made by said court in favor of the plaintiff and against the defendants. That said judgment was duly entered, filed and docketed and remains wholly unpaid and unsatisfied and that the defendants and each of them have wholly failed, neglected and refused to pay the same or any part thereof; and the prayer follows for judgment in accordance with the allegations; to which complaint is attached a copy of said judgment.

Summons was duly and regularly issued on said complaint on the 30th day of March, 1934, which summons was returned unserved; an alias summons was thereafter issued on the 20th day of September, 1934, which was again returned unserved; thereafter another alias summons was issued on the 10th day of November, 1934, which was served

on the defendant, Imlach, and the Imlach Packing Company, personally and in person, at Cordova, Alaska, on the day it was issued, the 10th day of November, 1934. Thereafter, and on the 10th day of December, 1934, the defendant, W. J. Imlach, through his attorney, L. V. Ray, filed a demur to the complaint. The demur came on for hearing on February 11, 1935, at which time the court reserved its decision, and on April 1, 1935, the defendant's demur was overruled and defendant was granted until April 25, 1935, to answer or otherwise plead to the plaintiff's complaint. Upon the overruling of said demur and on April 12th, the defendant's attorney, L. V. Ray, addressed a letter to the defendant informing him of the decision of the court on the demur and that he was to file an answer to the complaint by April 25th, and inquired concerning the defense to be imposed in such action; that the defendant's attorney, not having heard from the defendant, Imlach, on April 23rd, sent a telegram to him, again informing him that said cause would be set at Cordova for entry of judgment; that no action was taken, as shown by the records and files of this court, until the 9th day of September, 1935, when the court called the calendar at Cordova, Alaska, at which time the defendant's attorney, L. V. Ray was not present, but R. E. Baumgartner, a practicing attorney of Seward, who has offices in a suite of rooms maintained by L. V. Ray at Seward, and acts as law clerk for L. V. Ray in certain matters, appeared for Mr. Ray in several cases; that on the next day the attorney for the plaintiff filed a motion for default, which motion has endorsed thereon, the following: "Service of the foregoing motion by receipt of copy thereof acknowledged on this, R. E. Baumgartner, of Attorneys for Defendant, W. J. Imlach." On the same day, the 10th of September, 1935, on the motion for default on which service was acknowledged as aforesaid, the default of the defendant, W. J. Imlach, was duly and regularly entered.

On the following day, the 11th day of September, a written motion for judgment was filed in the above entitled

cause, which said motion does not appear to have been served and on the same day judgment was entered in accordance with said motion. Whereafter, and on the 10th day of December, 1935, said judgment was assigned by the plaintiff, Carl Rubenstein, in consideration of $1 and other valuable consideration, to E. Caraco of Seattle, Washington.

On July 3, 1936, consent to and notice of substitution of attorneys was filed in this cause and on the same day the motion to vacate the judgment herein was filed by Walter H. Hodge, the substituted attorney, for W. J. Imlach, which motion has endorsed thereon a receipt of copy, signed by the attorney for the plaintiff, Rubenstein.

Under Section 3457, C.L.A.1933: "The court  *  *  * may also, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect." Under this statute, it is necessary in order to set aside a judgment that the showing cover two propositions: First, a showing why the defendant had not appeared within the time allowed for the appearance in the defense of the action through mistake, inadvertence, surprise or excusable neglect, and second, that he had a good defense to the action itself. If the defendant had no notice of the action or through misfortune or unavoidable circumstances or by mistake was prevented, without his fault, from defending the action or through excusable neglect, it would be good cause to set aside the judgment and allow him to defend, provided that with the showing, of such nature, there is also presented a valid defense to the action. If there is no valid defense presented to the court, it would be a futile thing to set aside the judgment.

It is contended that Sec. 3462, C.L.A.1933, requires that copies of all pleadings subsequent to the complaint must be served upon the adverse party or his attorney. This, however, does not apply to a Motion for Judgment since it

is not a pleading, Sec. 3413, C.L.A. All that is required is that the Motion for Judgment must be in writing and must be filed with the Clerk, Sec. 3674, C.L.A.

■ The court is also of the opinion that the purpose of serving motions is to give notice and that service on the attorney's clerk was sufficient notice.

■■ It appears, in this case, that Imlach was notified by his attorney, both by letter and wire that he was to prepare and file an answer by April 25, 1935; no excuse whatever is set up by him why he neglected this matter until September 9th, of the same year, at which time motion for default was served upon a regular practicing attorney in this Division, who accepted said service as one of defendant Imlach's attorneys. If there was any reason why default should not have been entered, it would have been the duty of said attorney, who is an officer of this court, and the clerk of defendant's attorney, to inform himself and make the proper showing. This not having been done the court must conclude that the default and judgment were duly and regularly entered. It is not even contended that a Motion for Judgment is necessary or that the motion made after the default had been entered, should have been served on defendant's attorneys; and the court finds that the reason why an answer was not filed in this cause, was because of the defendant, Imlach's own negligence, and the court cannot find that said negligence was excusable.

Second. It is contended that the defendant, W. J. Imlach, has a meritorious defense, for the reason, first, that the Alaska Statute provides: "When the cause of action has arisen in any state, territory, or country between nonresidents of this Territory, and by the laws of the state, territory, or country where the cause of action arose an action can not be maintained thereon by reason of the lapse of time, no action shall be maintained thereon in this Territory." Section 3374, C.L.A.1933. And further, that the State of Washington Statute provides, as follows:

"After the expiration of six years from the rendition of any judgment it shall cease to be a lien or charge against the estate or person of the judgment debtor. * * * "

"No suit, action, or other proceeding shall ever be had on any judgment rendered in the state of Washington by which the lien or duration of such judgment, claim or demand, shall be extended or continued in force for any greater or longer period than six years from the date of the entry of the original judgment." Secs. 459, 460, Rem.Comp.St.

If the Washington Statute above quoted is regarded as a Statute of Limitations merely, it is apparent that the complaint was filed and summons issued within the six-year period.

An action in Alaska is deemed commenced when the complaint is filed and summons is issued, Sec. 3364, C. L.A., and the Statute of Limitations of Alaska authorized the maintenance of the action; Sec. 3355, C.L.A., provides that an action upon a judgment or decree of any court of the United States may be maintained any time within ten years.

It is however, contended that the statute of the State of Washington is not merely a Statute of Limitations which prevents an action being brought, but that said statute makes the judgment null and void, and provides that it cannot be extended.

The first question arises—what is the effect of the case being brought in Alaska, prior to the expiration of the, six years—but we need not consider that question, for the reason that the court is of the opinion that the above quoted section, if the same is construed as making the decree of a Court of Admiralty of the United States null and void, then in that event, the legislature of the State of Washington exceeded its authority as far as such a decree is concerned.

In Chelentis v. Luckenbach Steamship Co., 247 U.S. 372, 381, 38 S.Ct. 501, 503, 62 L.Ed. 1171, it is held, quoting

from the Southern Pacific Co. v. Jensen, 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086, L.R.A.1918C, 451, Ann.Cas.1917 E, 900:

" 'Considering our former opinions, it must now be accepted as settled doctrine that, in consequence of these provisions, Congress has paramount power to fix and determine the maritime law which shall prevail throughout the country. * * * And further, that in the absence of some controlling statute, the general maritime law, as accepted by the federal courts, constitutes part of our national law, applicable to matters within the admiralty and maritime jurisdiction.'

"Concerning extent to which the general maritime law may be changed, modified or affected by state legislation, this was said: 'No such legislation is valid if it contravenes the essential purpose expressed by an act of Congress, or works material prejudice to the characteristic features of the general maritime law, or interferes with the proper harmony and uniformity of that law in its international and interstate relations. This limitation, at the least, is essential to the effective operation of the fundamental purposes for which such law was incorporated into our national laws by the Constitution itself. These purposes are forcefully indicated in the foregoing quotations from The Lottawanna.' 21 Wall, 558, 575 (22 L.Ed. 654). Among such quotations is the following: 'One thing, however, is unquestionable; the Constitution must have referred to ·a system of law co-extensive with, and operating uniformly in, the whole country. It certainly could not have been the intention to place the rules and limits of maritime law under the disposal and regulation of the several states, as that would have defeated the uniformity and consistency at which the Constitution aimed on all subjects of a commercial character affecting the intercourse of the states with each other or with foreign states.' * * *

"In Southern Pacific Company v. Jensen, we definitely ruled that it gave no authority to the several states to enact

legislation which would work 'material prejudice to the characteristic features of the general maritime law or interfere with the proper harmony and uniformity of that law in its international and interstate relations.' "

In Knickerbocker Ice Co. v. Stewart, 253 U.S. 149, 158, 40 S.Ct. 438, 439, 64 L.Ed. 834, 11 A.L.R. 1145, the court said: " 'Under the doctrine approved in Southern Pacific Co. v. Jensen, no state has power to abolish the well recognized maritime rule concerning measure of recovery and substitute therefor the full indemnity rule of the common law. Such a substitution would distinctly and definitely change or add to the settled maritime law; and it would be destructive of the "uniformity and consistency at which the Constitution aimed on all subjects of a commercial character affecting the intercourse of the states with each other or with foreign states." ' * * *

"In Union Fish Company v. Erickson, 248 U.S. 308, 39 S.Ct. 112, 63 L.Ed. 261, an admiralty cause, a master sought to recover damages for breach of an oral contract with the owner of a vessel for services to be performed principally upon the sea. The latter claimed invalidity of the contract under a statute of California, where made, because not in writing and not to be performed within a year. We ruled: 'The Circuit Court of Appeals correctly held that this contract was maritime in its nature and an action in admiralty thereon for its breach could not be defeated by the statute of California relied upon by the petitioner.'

" 'In entering into this contract the parties contemplated no services in California. They were making an engagement for the services of the master of the vessel, the duties to be performed in the waters of Alaska, mainly upon the sea. The maritime law controlled in this respect, and was not subject to limitation because the particular engagement happened to be made in California. The parties must be presumed to have had in contemplation the system of maritime law under which it was made.' "

Many authorities have been cited that a judgment rendered in a State Court, sued on in another state, should have the same force and effect as it had in the state where rendered and no more. These authorities, however, are not applicable for the reason that the judgment sued on in this case is not a judgment of a State Court, but a judgment of a United States Court in Admiralty.

From the foregoing, the Court concludes that the motion to set aside the judgment in this cause should be denied.

The attorney for the plaintiff may prepare an Order to that effect.