**PUGET SOUND PRODUCTION CREDIT ASSOCIATION, Plaintiff,**

v.

**o.s. SABLEFISH, OFFICIAL NO. 625927, et al., Defendants.**

No. C82–1331B.

United States District Court, W.D. Washington.

Sept. 23, 1983.

Dwight L. Guy, Seattle, Wash., for plaintiff.

Robert G. Sieh of Edwards & Barbier, Seattle, Wash., for defendants Gislason.

Charles E. Watts of Van Valin & Watts, Bellevue, Wash., for defendants Campbell.

John S. Congalton, Seattle, Wash., for defendants Johanson & Gordon.

H.L. George Knowles, Woodinville, Wash., for claimant Daniel P. Peyton.

Bruce A. King of Bogle & Gates, Seattle, Wash., for claimant IFG Leasing.

## ORDER GRANTING SUMMARY JUDGMENT

BEEKS, Senior District Judge.

The facts material to this motion, construed most favorably to the nonmoving party, are as follows: Defendants Gislason and Campbell caused the F/V SABLEFISH to be built with temporary financing from Orange Production Credit Association. Upon application of Gislason and Campbell, plaintiff Puget Sound Production Credit Association (PSPCA) was to provide permanent financing for the vessel. Originally, a partnership comprised of Gislason, Campbell, and a corporation controlled by Johanson and Gordon (Triton Marine) was to own the SABLEFISH and that partnership was

to guarantee the loan from PSPCA. PSPCA was aware of this intention.

In July, 1980, after the vessel had been delivered to the owners, PSPCA announced to them that it would not·fund the loan without the personal guarantees of Gordon and Johanson and their marital communities. At that time, Gislason and Campbell had invested nearly $500,000 in the vessel, advisory services had been rendered by Gordon and Johanson, and the opening of the king crab season in the Bering Sea (in which the SABLEFISH and her owners hoped to participate) was imminent. Defendants estimate that, if·available, acquiring alternative financing would have taken 90 to 120 days, resulting in a substantial loss of fishing revenue. Gordon and Johanson most reluctantly signed the note.

PSPCA now moves for summary judgment establishing the personal liability, jointly and severally, of Campbell, Gislason, Gordon, and Johanson for the entire amount of the loan that they personally guaranteed. PSPCA offers evidence of the loan, personal guarantees, mortgage, and default. None of this evidence is disputed. Defendants Johanson and Gordon simply respond that the circumstances surrounding their making personal guarantees constitute duress and business compulsion.

■ This action is brought in admiralty under Fed.R.Civ.P. 9(h). Therefore, the federal law will control. While the court may accept Washington law by analogy, it is not controlling. *See Union Fish Co. v. John W. Erickson,* 248 U.S. 308, 39 S.Ct. 112, 63 L.Ed. 261 (1919).

■ The elements necessary to establish economic duress or business compulsion are: (1) one side involuntarily accepted the terms of another, (2) circumstances permitted no alternative to those terms, and (3) that said circumstances were the result of coercive acts of the opposite party. *Fruhauf Southwest Garment Company v. United States,* 126 Ct.Cl. 51, 111 F.Supp. 945 (1953). The allegation must go beyond a mere showing of reluctance to accept and of financial embarrassment, and must be

the result of the other's conduct and not the complaining party's necessities or the mere stress of business conditions. *Fruhauf, supra.* It must be proved that the party benefited thereby forced the action of the injured party. Even threatened financial disaster is not sufficient. *Alloy Products Corp. v. U.S.,* 302 F.2d 528, 531, 157 Ct.Cl. 376 (1962). Economic pressure and even the threat of considerable financial loss do not constitute duress. Furthermore, it may not be implied merely from the making of a hard bargain and the mere stress of business conditions will not constitute duress where the defendant was not responsible for the conditions. Some wrongful conduct must be shown to shift to the other party the responsibility for bargains made by the complainer under the stress of financial necessity. *Johnson Drake & Piper, Inc. v. United States,* 209 Ct.Cl. 313, 531 F.2d 1037 (1976).

■ Even if Gordon's and Johanson's version of the facts of this case be accepted, they have not established a case of economic duress or business compulsion. It is neither apparent that PSPCA's actions were wrongful, nor that they created the circumstances which allegedly coerced the personal guarantees, nor that those circumstances precluded alternative courses of action. In summary, the court finds that, there being no genuine issue as to any material fact, plaintiff is entitled to judgment as a matter of law and that defendants Johanson, Gordon, Gislason, and Campbell are personally liable to plaintiff for the entire amount of its claim. Accordingly, it is

ORDERED that the motion of PSPCA for partial summary judgment is granted.