**MARINE SERVICENTER, Plaintiff,**

**v.**

**MY WAY, No. WN 2056 L, etc., In Rem, and Donald Kramer and Jane Doe Kramer, and their marital community, In Personam, Defendants.**

**No. C83–1126B.**

United States District Court, W.D. Washington.

Nov. 22, 1983.

W. Craig Smith of Lane, Powell, Moss & Miller, Seattle, Wash., for plaintiff.

Warren Koons of Davis, Wright, Todd, Riese & Jones, Seattle, Wash., for defendants.

### ORDER

BEEKS, District Judge.

On August 15, 1983, plaintiff filed a complaint in admiralty to foreclose a maritime lien that arose upon the alleged furnishing of repairs, supplies, and necessaries to defendant vessel MY WAY. Plaintiff caused the arrest of MY WAY, which remains in custody of a court appointed substitute custodian. On September 6, 1983, Seattle-First National Bank (Sea-First) filed a "claim" alleging it has a "prior perfected security interest in the vessel as against plaintiff in this action." See Document No. 10' of the case file herein dated September 6, 1983, entitled "Claim." Sea-First now moves for delivery of MY WAY to Sea-First, upon the giving of security in the amount of $15,000 which is in excess of plaintiff's maritime lien claim, so that it may sell the vessel to satisfy an obligation owed. Sea-First cites Supplemental Admiralty Rule E(9) as authority permitting such delivery. Plaintiff opposes said motion on the grounds that such delivery would prejudice its interest in said vessel.

The state security statute on which Sea-First relies does not create a maritime lien because of the need for uniformity in admiralty law (*see Union Fish Co. v. Erickson*, 248 U.S. 308, 39 S.Ct. 112, 63 L.Ed. 261 (1919)), and it is not, in and of itself, cognizable in admiralty. Furthermore, claimant, as contemplated in Supplemental Admiralty Rule E(9), refers only to one with a proprietary interest in a vessel. A holder of a state created security interest does not have such a proprietary interest and therefore does not qualify as a claimant within the meaning of said Rule.

On November 17, 1983, the court ordered the interlocutory sale of MY WAY. The court is well aware, however, that a private sale may very well produce a better price than a Marshal's sale. It is possible to create substantially the same result herein.

The fact that the vessel is to be sold on a certain date by the Marshal could be extensively advertised, inspection and/or appraisal or other procedures for the purpose of determining condition and value could be arranged, and, if necessary, the date of said sale could be extended for a reasonable period of time to permit any such procedure. There does not seem to be any necessity for releasing the vessel to Sea-First and, accordingly, its motion is denied.